IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONZELL TURNER, individually and on behalf of a class of similarly situated persons,<br><br>　　　　Plaintiff,<br><br>v.<br><br>PROGRESSIVE SPECIALTY INSURANCE COMPANY,<br><br>　　　　Defendant. | Civil Action No. 2:24-cv-00939<br><br>(Removed from the Court of Common Pleas of Philadelphia County, Commonwealth of Pennsylvania, Case No. 240200245) |

## NOTICE OF REMOVAL

Please take notice that Defendant Progressive Specialty Insurance Company ("Progressive"), hereby removes the above-captioned action from the Court of Common Pleas of Philadelphia County, Commonwealth of Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania, Philadelphia Division, pursuant to Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), and 28 U.S.C. §§ 1441, 1446, and 1453. Removal is proper on the following grounds:

1.　　Plaintiff Ronzell Turner ("Plaintiff") commenced this action in the Court of Common Pleas of Philadelphia County by filing the Complaint on or about February 2, 2024. Progressive was served with the Complaint on February 5, 2024.

2.　　Plaintiff alleges that in 2014 Progressive submitted a "new" policy to the insurance department, which Progressive improperly treated as a renewal policy (the "2014 Policy"). (Compl. ¶ 5.) As a result, Plaintiff alleges the policy applicable to his denied underinsured claim (the "Turner Policy") and the class's policies (collectively, the "Policies") should be reformed to reflect additional benefits and coverages. *Id.*

1

3.  Plaintiff seeks individual compensatory damages on behalf of himself as well as declaratory relief on behalf of himself and a class. (Compl. ¶ 4.)

## GROUNDS FOR REMOVAL

4. This case is removable pursuant to the Class Action Fairness Act of 2005 ("CAFA"). *See* 28 U.S.C. §§ 1332(d), 1453. CAFA extends federal jurisdiction over class actions where: (1) any member of the proposed class is a citizen of a state different from any defendant (*i.e.,* minimal diversity exists); (2) the proposed class consists of more than 100 members; and (3) the amount in controversy is $5,000,000 or more, aggregating all claims, but excluding interest and costs. *See* 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B). As described below, Progressive believes in good faith that each of these requirements is met here.

**A.  Minimal Diversity Exists.**

5. Plaintiff is a resident and citizen of Pennsylvania. (Compl. ¶ 1.)

6. Progressive is a corporation organized under the laws of the State of Ohio and maintains its principal place of business in the State of Ohio. (Compl. ¶ 2.) Progressive is therefore a citizen of the State of Ohio.

7. Minimal diversity of citizenship therefore exists under CAFA. 28 U.S.C. § 1332(d)(2)(A).

**B.  Proposed Class Consists of More than 100 Members.**

8. The number of members of the proposed class is not less than 100. *See* 28 U.S.C. § 1332(d)(5)(B). Progressive data confirms that there are approximately 32,000 Policies, each with one or more insured(s), that were in effect on April 16, 2014 and were still in effect as of February 2020. Of the 32,000 Policies, over 8,000 did not have underinsured and/or uninsured motorist coverage, approximately 10,000 did not have stacked underinsured and/or uninsured

motorist coverage and there were over 34,000 insured claims submitted under these policies during the class period.

9.     Accordingly, the putative class exceeds the 100-member threshold for CAFA jurisdiction.

    **C.**    **Amount in Controversy Exceeds $5,000,000.**

10.    Under CAFA, district courts have original jurisdiction over class actions "in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2).  A defendant seeking removal need not admit liability in order to meet the amount in controversy.  Rather, the Notice of Removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.  *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).

11.    In the Third Circuit "it is well established that the amount in controversy [in declaratory judgment actions] is measured by the value of the object of the litigation."  *Auto-Owners Ins. Co. v. Stevens & Ricci, Inc.*, 835 F.3d 388, 398 (3d Cir. 2016) (quoting *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977)); *Columbia Gas Transmission Corp. v. Tarbuck*, 62 F.3d 538, 539 (3d Cir. 1995) (explaining that in lawsuits seeking injunctive or declaratory relief, courts "measure the amount in controversy by the value of the rights which the plaintiff seeks to protect"); *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 877 (3d Cir. 1995); *see also Excel Pharm. Servs., LLC v. Liberty Mut. Ins. Co.*, 825 F. App'x 65, 68 (3d Cir. 2020) (finding CAFA amount in controversy met where declaration or injunction requested by plaintiff would result in payments to class members in excess of $5 million); *Dayton v. Emp'rs Mut. Cas. Co.*, No. 3:20-2416, 2021 WL 4786383, at *3 (M.D. Pa. Oct. 13, 2021) (looking to coverage limits of UIM

benefits in policy to find $75,000 amount in controversy met for diversity jurisdiction where Plaintiff sought declaration that he was entitled to stacked UIM coverage).

12. Plaintiff seeks several forms of relief relating to the Policies on behalf of himself and the class, including, but not limited to: (a) reformation of Policies where the named insured waived underinsured and/or uninsured motorist coverage to provide stacked underinsured and/or uninsured motorist coverage; (b) reformation of Policies with non-stacked underinsured and/or uninsured motorist coverage to provide stacked underinsured and/or uninsured motorist coverage; and (c) reformation of Policies to provide underinsured and/or uninsured coverage in the same amount as the policy's liability coverage. (Compl. ¶¶ 115, 158; Wherefore p. 26.) In addition, Plaintiff seeks reformation of the Turner Policy to provide full tort coverage. (Compl. ¶ 157.)

          i.      Waived Underinsured/Uninsured Motorist Coverage

13. Plaintiff was injured in an auto accident in April 2021. Plaintiff submitted a claim to the at fault driver's carrier and was paid liability limits of $15,000. (Compl. ¶¶ 53-55.) Plaintiff then submitted a claim to Progressive for underinsured motorist benefits, which Progressive denied because the named insured rejected underinsured motorist coverage. (Compl. ¶¶ 56-58.) Plaintiff asks this Court to reform the Turner Policy to provide $15,000/$30,000 stacked underinsured motorist benefits for two vehicles for a total of $30,000/$60,000 in available underinsured motorist coverage because Progressive was allegedly required to obtain new waivers of underinsured motorist coverage after issuance of the 2014 Policy.

14. Plaintiff seeks $30,000 in compensatory damages based on this theory.

15. In addition, Plaintiff seeks declaratory relief on behalf of himself and a class asking the Court to declare that the over 8,000 Policies where underinsured and/or uninsured motorist coverage was waived be reformed to provide stacked underinsured and uninsured motorist

coverage. This would result in the availability of over $100,000,000 in coverage benefits to Plaintiff and the class.

        ii.      Waived Stacking

16. Of the over 32,000 Policies, approximately 10,000 do not provide stacked underinsured and/or uninsured coverage. Plaintiff seeks a declaration that these policies be reformed to provide stacked underinsured and uninsured motorist coverage. This would result in the availability of over $150,000,000 in coverage benefits to the class.

17. Further, there are at least 34 insureds that submitted underinsured or uninsured motorist claims under the Policies with non-stacked underinsured and/or uninsured motorist coverage. These claims alone result in a potential exposure of over $1,000,0000.

        iii.      Sign Downs

18. In addition, Plaintiff seeks a declaration that any of the Policies with underinsured and/or uninsured motorist coverage limits in an amount less than liability limits be reformed such that the underinsured and uninsured motorist coverage limits equal liability limits. For example, if a policy had $100,000 in liability limits per person and $15,000 per person in underinsured and uninsured motorist coverage, Plaintiff seeks a declaration that the policy be reformed to provide $100,000 per person in stacked underinsured and uninsured motorist coverage.

        iv.      Full Tort Coverage

19. Plaintiff seeks a declaration that the Turner Policy be reformed to provide full tort coverage. Full tort coverage provides an insured with an unrestricted right to seek compensation for injuries from the at fault driver (as opposed to limited tort, which is less expensive, but limits the right to seek compensation for injuries from the at fault driver).

20. Accordingly, while Progressive does not concede that Plaintiff or members of the putative class are entitled to the damages sought or any other relief, Progressive believes in good faith that the amount in controversy exceeds the sum or value of $5,000,000.

## COMPLIANCE WITH THE REMOVAL STATUTE

21. Venue is proper in this Court because the Court of Common Pleas of Philadelphia County is located within the Eastern District of Pennsylvania, Philadelphia Division.

22. The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.  28 U.S.C. § 1446(a).

23. This Notice of Removal is timely under 28 U.S.C. § 1446(b), as it is filed within thirty (30) days of service.

24. A copy of the Complaint and all other pleadings served to date are attached hereto as Exhibit A.

25. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff and filed with the Court of Common Pleas of Philadelphia County.

Dated:  March 4, 2024

                                             */s/ Kymberly Kochis*
                                             Kymberly Kochis (Pa. Bar No. 319846)
                                             **EVERSHEDS SUTHERLAND (US) LLP**
                                             1114 Avenue of the Americas
                                             The Grace Building, 40th Floor
                                             New York, New York 10036
                                             Telephone:  (212) 389-5068
                                             Facsimile:  (212) 389-5099
                                             kymkochis@eversheds-sutherland.com

                                             **Attorneys for Defendant**
                                             **PROGRESSIVE SPECIALTY**
                                             **INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

This is to certify that on March 4, 2024, a copy of the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system, and copies were served on the following attorneys of record by United States Mail, first class postage prepaid, and by email, addressed as follows:

James C. Haggerty
HAGGERTY, GOLDBERG, SCHLEIFER & KUPERSMITH, P.C.
1801 Market Street, Suite 1100
Philadelphia, PA 19103
jhaggerty@hgsklawyers.com

Scott Cooper
SCHMIDT KRAMER P.C.
209 State Street
Harrisburg, PA 17101
scooper@schmidtkramer.com

Jonathan Shub
SHUB & JOHNS LLC
Four Tower Bridge, Suite 400
200 Barr Harbor Drive
West Conshohocken, PA 19428
jshub@shublawyers.com

John P. Goodrich
JACK GOODRICH & ASSOCIATES, P.C.
429 Fourth Avenue, Suite 900
Pittsburgh, PA 15219
jack@goodrichpc.com

*/s/ Kymberly Kochis*
Kymberly Kochis