# Exhibit A



**HAGGERTY, GOLDBERG, SCHLEIFER, & KUPERSMITH, P.C.**

James C. Haggerty, Esquire
HAGGERTY, GOLDBERG, SCHLEIFER, & KUPERSMITH, P.C.
1801 Market Street, Suite 1100
Philadelphia, PA 19103

Phone:    (267) 350 – 6600 ext.142
Fax:       (215) 665 – 8201
Email:    jhaggerty@HGSKLawyers.com

Charles J. Schleifer
James C. Haggerty
Terry D. Goldberg
Richard T. Kupersmith
Mark J. Kogan
Jason R. Weiss *
Scott J. Schleifer *

Ana R. Amarante-Craig *
Beth Bowers *
Matthew D. Colavita *
Jeffrey K. Stanton *

Michael Alexanian *
Joseph P. Bradica *
Clifford Bryman
Dennis C. Coyne *
Eileen V. Dooley
Kaitlyn Macaulay
Jared M. Teich *
Timothy Yuncker

Special Counsel

John J. Beichert
Stephen David

Of Counsel
Bruce I. Kogan
Marshall Kresman *
Michael Steiman

* Member of NJ Bar

February 2, 2024

Progressive Specialty Insurance Company
6300 Wilson Mills Road
Mayfield Village, OH  44143

      Re:    <u>Turner v. Progressive</u>

Dear Sir or Madam:

     Enclosed please find a Civil Action - Class Action Complaint relative to the above matter.  This Complaint has been filed in the Court of Common Pleas of Philadelphia County.  Kindly note that you may wish to secure counsel to file a response to same in accordance with the Pennsylvania Rules of Civil Procedure.

     Service of the Complaint is being made by Certified Mail, Return Receipt Requested, pursuant to the Pennsylvania Rules of Civil Procedure and the International Interstate and Service of Process Act, 42 Pa.C.S.A. § 5321.  This service is in compliance with Pennsylvania law.  Please note your obligation to respond to this pleading.

                 Very truly yours,

                 HAGGERTY, GOLDBERG,SCHLEIFER
                 & KUPERSMITH, P.C.

                 James C. Haggerty

JCH/cdh
Enclosure
CERTIFIED MAIL
RETURN RECEIPT REQUESTED

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**FEBRUARY 2024**

**00245**

E-Filing Number: 2402004044

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| RONZELL TURNER | PROGRESSIVE SPECIALTY INSURANCE COMPANY |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 115 E. WASHINGTON LANE PHILADELPHIA PA 19144 | 6300 WILSON MILLS ROAD MAYFIELD VILLAGE OH 44143 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 1 | ☒ Complaint  ☐ Petition Action  ☐ Notice of Appeal<br>☐ Writ of Summons  ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration<br>☐ Jury<br>☐ Non-Jury<br>☒ Other: CLASS ACTION | ☐ Mass Tort<br>☐ Savings Action<br>☐ Petition | ☐ Commerce<br>☐ Minor Court Appeal<br>☐ Statutory Appeals | ☐ Settlement<br>☐ Minors<br>☐ W/D/Survival |

CASE TYPE AND CODE

C1 - CLASS ACTION

STATUTORY BASIS FOR CAUSE OF ACTION

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | **FILED PRO PROTHY**<br><br>FEB **02** 2024<br><br>**C. SMITH** | IS CASE SUBJECT TO COORDINATION ORDER?<br>YES        NO |
|---|---|---|

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: RONZELL TURNER

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| JAMES C. HAGGERTY | 1801 MARKET STREET SUITE 1100 PHILADELPHIA PA 19103 |

| PHONE NUMBER | FAX NUMBER |
|---|---|
| (267)350-6600 | (215)665-8201 |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 30003 | jhaggerty@hgsklawyers.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| JAMES HAGGERTY | Friday, February 02, 2024, 11:24 am |

FINAL COPY (Approved by the Prothonotary Clerk)

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
PENNSYLVANIA

| | | |
|---|---|---|
| RONZELL TURNER, INDIVIDUALLY | : | |
| AND ON BEHALF OF A CLASS OF | : | |
| SIMILARY SITUATED PERSONS | : | |
| 115 E. Washington Lane | : | |
| Philadelphia, PA 19144 | : | TERM, 2024 |
| | : No. | |
| v. | : | |
| | : | |
| PROGRESSIVE SPECIALTY | : | |
| INSURANCE COMPANY | : | |
| 6300 Wilson Mills Road | : | |
| Mayfield Village, OH  44143 | : | |

## NOTICE TO PLEAD

### NOTICE

You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL AND INFORMATION
SERVICE
One Reading Center
Philadelphia, Pennsylvania 19107
Telephone: 215-238-1701

### AVISO

Le han demando a usted en la corte.  Si usted quiere defenderse de estas demandos expuestas en las páginas siguientes, usted tiene veinte (20) días de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparesencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona.  Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en corte suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda.  Usted puede perder diner or sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE.  SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITO ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASOCIACIÓN DE LA LICENCIADOS DE
FILADELFIA
SERVICIO DE REFERENCIA E INFORMACIÓN
LEGAL
One Reading Center
Filadelfia, Pennsylvania 19107
Teléfono: 215-238-1701

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
PENNSYLVANIA

RONZELL TURNER, INDIVIDUALLY　：
AND ON BEHALF OF A CLASS OF　　：
SIMILARY SITUATED PERSONS　　：
115 E. Washington Lane　　　　　：
Philadelphia, PA 19144　　　　　：　　TERM, 2024
　　　　　　　　　　　　　　　　： No.
　　　　v.　　　　　　　　　　　：
　　　　　　　　　　　　　　　　：
PROGRESSIVE SPECIALTY　　　　 ：
INSURANCE COMPANY　　　　　　：
6300 Wilson Mills Road　　　　　 ：
Mayfield Village, OH  44143　　　 ：

## CIVIL ACTION – CLASS ACTION COMPLAINT

### Parties

1.　　The plaintiff, Ronzell Turner ("Turner"), is an adult individual citizen and resident of the Commonwealth of Pennsylvania, residing at  115 East Washington Lane, Philadelphia, Pennsylvania 19144.

2.　　The defendant, Progressive Specialty Insurance Company ("Progressive") is a corporation organized and existing under the laws of the State of Ohio, being duly authorized to conduct business in the Commonwealth of Pennsylvania with its principal place of business located in Mayfield Village, Ohio, being duly authorized to and conducting business in the Commonwealth of Pennsylvania.

3.　　The defendant, Progressive, regularly and routinely conducts business in the City and County of Philadelphia.

4.　　In the present action, the plaintiff, Turner, is seeking:

1

(a)    declaratory relief on behalf of the individual plaintiff, Turner;

(b)    declaratory relief on behalf of the class; and

(c)    compensatory relief, i.e. contractual underinsured motorist benefits, on behalf of the individual plaintiff, Turner, alone.

5.    The present lawsuit is based upon the actions of the defendant, Progressive, in: (a) rewriting its Pennsylvania Auto Policy in 2014; (b) submitting the *NEW* policy to the Insurance Department for review and approval; (c) receiving the Insurance Departmental approval of the policy re-write as a *NEW* policy, not a renewal policy, for existing insureds; (d) issuing the *NEW* Pennsylvania Auto Policy to existing insureds in Pennsylvania after April 16, 2014; (e) treating the Insurance Department approval of the policy re-write as a renewal policy, rather than as a *NEW* policy, which was the actual ruling of the Insurance Department; and (f) failing to obtain new elections  and waivers under the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S.A. § 1701 et seq. ("MVFRL"), with the issuance of this *NEW* auto policy in Pennsylvania. As a result, the plaintiff, Turner, and the members of the putative class, were deprived of certain rights and benefits to which they were otherwise entitled under the MVFRL.  The policy under which Turner is making claim for benefits, as well as the policies of each member of the putative class, should be reformed to reflect the proper coverages.

### Insurance Coverage (Pre-Policy Re-write)

6.    Herbert Turner, the father of the plaintiff, Ronzell Turner, has been insured with the defendant, Progressive, since 2007; at all times material hereto, the plaintiff, Ronzell Turner, resided with his father, Herbert Turner.

7.    From April 21, 2007 through October 21, 2014, Herbert Turner was the named insured under a policy issued to him by the defendant, Progressive ("First Progressive Policy"),

providing coverage in accordance with the MVFRL. A copy of the Declarations Pages for the initial policy term of the First Progressive Policy for the April 21, 2007 through October 21, 2007 policy term is attached hereto as Exhibit "A".

8.    The First Progressive Policy had an inception date of April 21, 2007. See Exhibit "A".

9.    The First Progressive Policy had an initial term of April 21, 2007 through October 21, 2007. See Exhibit "A".

10.    The First Progressive Policy was comprised of Form 9610A PA (05/06). See Exhibit "A".

11.    The First Progressive Policy was renewed every six months using Form 9610A PA (05/06) up through and including the April 21, 2014 through October 21, 2014 term.

12.    The First Progressive Policy was renewed every six months using Policy Form 9610A PA (05/06) through the April 21, 2014 to October 21, 2014 policy term.

13.    At the time of the inception of the First Progressive Policy, Herbert Turner signed an Election of Limited Tort Coverage on April 21, 2007. A true and correct copy of the Election of Limited Tort Coverage is attached hereto as Exhibit "B".

14.    The First Progressive Policy provided limited tort coverage.

15.    The First Progressive Policy provided, *inter alia*, $15,000.00/$30,000.00 in liability coverage.

16.    At the inception of the First Progressive Policy, Herbert Turner signed a Rejection of Uninsured Motorist Protection on April 21, 2007; similarly, he signed a Rejection of Underinsured Motorist Protection on April 21, 2007. True and correct copies of these Rejections are attached as Exhibits "C" and "D".

17.     The First Progressive Policy provided no uninsured motorist coverage; similarly, it provided no underinsured motorist coverage.

18.     In 2014, Progressive submitted to the Insurance Department, for approval, a re-write of its Personal Auto Policy in Pennsylvania.

<u>**Submission/Approval of New Policy**</u>

19.     The defendant, Progressive, re-wrote its Pennsylvania Personal Auto Policy in 2014.

20.     In the process of re-writing its Personal Auto Policy in Pennsylvania, Progressive was required to obtain approval from the Pennsylvania Insurance Department of the policy provisions.

21.     When asked to approve an auto policy re-write in Pennsylvania, the Insurance Department may approve the policy re-write for policies *for existing insureds* as either: (a) a policy renewal; or (b) a new policy.

22.     Progressive submitted its Revised Pennsylvania Auto Policy to the Pennsylvania Insurance Department for review and approval.  A true and correct copy of the General Information submission made by Progressive to the Pennsylvania Insurance Department is attached as Exhibit "E".

23.     The Insurance Department reviewed the submission of Progressive and issued Rulings and Findings with respect to this submission.

24.     The Pennsylvania Insurance Department issued an Objection Letter to Progressive setting forth five (5) specific objections to the filing.  A true and correct copy of the Objection Letter is attached as Exhibit "F".

25.     Objection 5 stated:

Comments: Part V (ROADSIDE ASSISTANCE), has added a new exclusion (#1). Please discuss concerns that this is reducing coverage for renewal business. [Act 68 of 1998. (For the definition of renewal or to renew, see 40 P.S. § 991.2001.)]

See Exhibit "F".

26.    In response to Objective 5, Progressive stated:

Every renewal customer will receive a notice with the *NEW POLICY* describing each reduction in coverage. That notice will contain a description of the Roadside Assistance Exclusion #1 reduction.

See Exhibit "F" (emphasis added).

27.    The Pennsylvania Insurance Department then approved the Progressive Policy re-write as a *NEW* policy not a renewal policy for existing insureds. A true and correct copy of the Filing at a Glance is attached as Exhibit "G".

28.    The Filing at a Glance specifically sets forth the following:

| | |
|---|---|
| Author(s): | Jeanine Duda, Danna Norek |
| Reviewer(s): | Debra Breach (primary), Michael McKenney |
| Disposition Date: | 02/12/2014 |
| Disposition Statute: | Approved |
| Effective Date (New): | 04/16/2014 |
| Effective Date (Renewal): | |

See Exhibit "G".

29.    The Filing at a Glance sets forth a date for approval of the re-write as a *NEW* policy but provided no date for approval of the policy re-write as a renewal, thereby confirming that the Second Progressive Policy was considered by the Insurance Department to be a *NEW* policy for existing insureds, not a renewal. See Exhibit "G".

5

30.    The Insurance Department, therefore, approved the Progressive Policy re-write as a *NEW* policy not a renewal policy for existing insureds and new business, alike.

31.    Since the Progressive policy re-write was considered a *NEW* policy by the Insurance Department, Progressive was required to obtain new elections and waivers as required by the MVFRL with the issuance of new auto policies in Pennsylvania, including but not limited to the limited tort election, the § 1731 elections/waivers of coverage, the § 1734 sign downs and the § 1738 elections/waivers of stacking, from all existing policyholders who had been issued the *NEW* policy.

32.    Following the approval of the Progressive Policy re-write by the Insurance Department as a *NEW* policy, not as a renewal policy, Progressive failed to obtain from existing policyholders any and all of the elections and waivers required by the MVFRL with the issuance of this *NEW* policy in Pennsylvania to existing policyholders.

33.    As a result of the failure of Progressive to obtain the elections and waivers required by the MVFRL with the issuance of the *NEW* policy to existing policyholders, both the policy issued to Herbert Turner and the policies issued to members of the class are entitled to reformation of their policies in accordance with the requirements of the MVFRL, thereby allowing the plaintiff, Ronzell Turner, and members of the class, to secure additional benefits under the *NEW* policies issued by Progressive after April 16, 2014.

**Insurance Coverage (Post-Policy Re-Write)**

34.    Effective from October 21, 2014 through the present, Herbert Turner was and is the named insured under a Personal Auto Policy issued by the defendant, Progressive, ("Second Progressive Policy") providing coverage in accordance with the MVFRL. A true and correct copy

of the Declarations pages for the initial policy term of the Second Progressive Policy, namely, the October 21, 2014 through April 21, 2015 policy term, is attached hereto as Exhibit "H".

35.    The Second Progressive Policy was comprised of Form 9611A PA (04/14).

36.    The Second Progressive Policy was different from the First Progressive Policy.

37.    The named insured, Herbert Turner, was not advised by Progressive that the Pennsylvania Auto Policy issued to him had been changed.

38.    The Second Progressive Policy provided limited tort coverage.

39.    The defendant, Progressive, however, did not obtain an Election of Limited Tort Coverage with the issuance of the Second Policy.

40.    The Second Progressive Policy is to be reformed by operation of law to provide full tort coverage.

41.    The Second Progressive Policy issued to Herbert Turner provided $15,000.00/$30,000.00 in liability coverage.

42.    The Second Progressive Policy provided no uninsured motorist coverage; similarly, it provided no underinsured motorist coverage.

43.    The defendant, Progressive, however, did not obtain a § 1734 Rejection of Uninsured Motorist Protection with the issuance of the Second Progressive Policy to Herbert Turner and members of the class; similarly, it did not obtain a § 1731 Rejection of Underinsured Motorist Protection with the issuance of the Second Progressive Policy to Herbert Turner and members of the class.

44.    The Second Progressive Policy issued to Herbert Turner is to be reformed by operation of law to provide uninsured and underinsured motorist coverages; similarly, the rewritten auto policies issued to existing policyholders after the Insurance Department approval are to be

7

reformed by operation of law to provide uninsured and underinsured motorist coverages in accordance with the MVFRL.

45.    The defendant, Progressive, did not obtain a § 1738 Rejection of Stacked Uninsured Motorist Protection with the issuance of the *NEW* policies to members of the class.

46.    The defendant, Progressive, did not obtain a § 1738 Rejection of Stacked Underinsured Motorist Protection with the issuance of the *NEW* policy to Herbert Turner; similarly, it provided no underinsured motorist coverage.

47.    The Second Progressive Policy issued to Herbert Turner is to be reformed by operation of law to provide stacked uninsured motorist coverage and stacked underinsured motorist coverage in accordance with the requirements of the MVFRL.

48.    The *NEW* policies issued by Progressive to each member of the class following the policy re-write which was approved by the Insurance Department as a *NEW*, not a renewal, policy for existing policyholders required the defendant, Progressive, to obtain the elections and waivers under the MVFRL; the failure of the defendant, Progressive to secure these elections and waivers requires that each such policy be reformed by operation of law to provide additional coverages and benefits under the MVFRL to each member of the class.

49.    The Second Progressive Policy to Herbert Turner which was in full force and effect at the time of the April 27, 2021 motor vehicle accident, in which the plaintiff, Ronzell Turner, was injured, did not provide the coverages required by law; therefore, that policy is to be reformed to provide those coverages to the plaintiff, Ronzell Turner.

## Accident

50.     On April 27, 2021, the plaintiff, Turner, was operating his vehicle on Ogontz Avenue with its intersection at 69th Street in Philadelphia, Pennsylvania when he was violently struck by a motor vehicle operated by Jhourni Lee, owned by Jeffrey Lee and Katina Lee and insured by the Progressive Specialty Insurance Company.

51.     The plaintiff, Turner, sustained serious injuries and damages in the April 27, 2021 motor vehicle accident.

52.     The injuries and damages sustained by the plaintiff, Turner, in the April 27, 2021 motor vehicle accident were caused by the negligence and carelessness of Jhourni Lee.

## Tort Claim

53.     Following the April 27, 2021 motor vehicle accident, the plaintiff, Turner, made claim upon Progressive Specialty Insurance Company seeking recovery of damages in tort.

54.     Following receipt of the claim for recovery of damages in tort, the Progressive Specialty Insurance Company tendered and paid to the plaintiff, Turner, the $15,000.00 limit of liability coverage under the policy issued to Jeffrey Lee, Katina Lee and permissive user Jhourni Lee.

55.     The liability limit of the policy issued by the Progressive Specialty Insurance Company to Jeffrey Lee and Katina Lee is insufficient to compensate the plaintiff, Turner, for the losses and damages sustained in the April 27, 2021 motor vehicle accident.

9

### Underinsured Motorist Claim

56.    Following the April 27, 2021 motor vehicle accident, the plaintiff, Turner, made claim upon the defendant, Progressive, for recovery of, *inter alia*, underinsured motorist benefits under the Second Progressive Policy in effect at the time of the accident.

57.    Following receipt of the claim, Progressive denied coverage for the loss.

58.    Specifically, by letter dated October 4, 2022, Dawn Eberle of the Claims Department of the defendant, Progressive, wrote to counsel for Ronzell Turner stating, in pertinent part:

> Please be advised that we have completed our investigation with respect to your client, Ronzell Turner's request for Underinsured Motorist coverage with the above-captioned loss. This letter is to advise you that there is no applicable Underinsured Motorist coverage under the above-captioned policy for this loss. Our investigation has determined that our insured, Herbert Turner, rejected this coverage. The rejection of Underinsured Motorist coverage forms which were signed and dated by Mr. Turner on April 21, 2007, have previously been sent to you.

A true and correct copy of the October 4, 2022 letter is attached as Exhibit "I".

59.    The plaintiff, Turner, maintains the position that the Second Progressive Policy is to be reformed by operation of law to provide $15,000.00/$30,000.00 in stacked underinsured motorist benefits for two vehicles, namely, $30,000.00/$60,000.00 in available coverage.

60.    The defendant, Progressive, contends that the Second Progressive Policy provided no underinsured motorist coverage at the time of the loss.

61.    The defendant, Progressive, wrongly contends that the plaintiff, Turner, is not eligible for any underinsured motorist benefits under the Second Progressive Policy with respect to the injuries sustained in the April 27, 2021 motor vehicle accident despite the fact that the

10

defendant, Progressive, failed to obtain the requisite elections and waivers following the issuance of the *NEW* policy to Herbert Turner.

62.    The plaintiff, Turner, correctly maintains the position that he is eligible to recover up to $30,000.00 in stacked underinsured motorist coverage by reason of the failure of the defendant, Progressive, to obtain the elections and waivers required by the MVFRL following the issuance of the Second Progressive Policy, a *NEW* policy, issued to his father, Herbert Turner, an existing policyholder.

63.    A dispute exists as to whether the defendant, Progressive, was required to obtain the elections and waivers required by the MVFRL in connection with the issuance of the *NEW* Second Progressive Policy to Herbert Turner.

64.    By reason of the failure of the defendant, Progressive, to obtain the elections and waivers required by the MVFRL following the issuance of the *NEW* Second Progressive Policy to Herbert Turner and the commensurate failure of the defendant, Progressive, to reform the Second Progressive Policy as required by the MVFRL, the plaintiff, Ronzell Turner, has been deprived of benefits and rights due and owing to him.

65.    A dispute exists as to whether the defendant, Progressive, was required to obtain the elections and waivers required by the MVFRL from each member of the class following the issuance of the *NEW* policy to existing policyholders in 2014 and thereafter.

66.    By reason of the failure of the defendant, Progressive, to obtain the elections and waivers required by the MVFRL following the issuance of the *NEW* policy to existing policyholders in 2014 and thereafter, and the commensurate failure of the defendant, Progressive, to reform these *NEW* policies as required by the MVFRL, each member of the class has been deprived of benefits and rights due and owing to him/her.

11

67.     A dispute exists, therefore, as to the coverages available to the plaintiff, Turner, under the *NEW* Second Progressive Policy.

68.     A dispute exists, therefore, as to the coverages available to each member of the class under the *NEW* policies issued to existing policyholders in 2014 and thereafter.

## Requested Relief

69.     On his own behalf, the plaintiff, Turner, individually seeks declaratory relief, maintaining the position that by reason of the failure of the defendant, Progressive, to obtain the elections and waivers required by the MVFRL following the issuance of the *NEW* Second Progressive Policy, the Second Progressive Policy issued to Herbert Turner is required to provide: (a) full tort coverage; and (b) $30,000.00/$60,000.00 in underinsured motorist coverage.

70.     On behalf of the class, the plaintiff, Turner, seeks declaratory relief maintaining the position that each *NEW* policy issued to existing policyholders in 2014 and thereafter is required to be reformed to provide additional coverage and benefits as mandated by the MVFRL by reason of the failure of the defendant, Progressive, to obtain the elections and waivers required by the MVFRL following the issuance of these *NEW* policies to existing policyholders.

71.     Individually, the plaintiff, Turner, maintains the position that he is eligible to recover up to $30,000.00 in stacked underinsured motorist coverage in connection with injuries sustained in the April 27, 2021 motor vehicle accident.

72.     The plaintiff, Turner, does not seek compensatory uninsured motorist or underinsured motorist benefits on behalf of the class but only seeks declaratory relief on a class wide class basis.

## Class Action Allegations

73.    The plaintiff, Turner, brings this action seeking declaratory relief individually, and on behalf of a class of similarly situated persons.

74.    The defendant, Progressive, has wrongfully denied coverage and benefits to the plaintiff, Turner, as well as to each member of the putative class, by issuing *NEW* policies to existing policyholders following the approval of the Insurance Department of the policy re-write as a *NEW* policy, without obtaining the elections and waivers required by the MVFRL for a *NEW* policy in Pennsylvania.

75.    Pursuant to this request for declaratory relief, the plaintiff, Turner, seeks to represent a class of persons who: (a) are named insureds or insureds under an auto policy originally issued by the defendant, Progressive, in Pennsylvania prior to the 2014 policy re-write of the defendant, Progressive; (b) are named insureds or insureds under a *NEW* auto policy issued to an existing policyholder after the 2014 re-write where the defendant, Progressive, failed to obtain new elections and waivers for that policy; (c) were involved in an accident after the policy re-write and *NEW* policy issuance; (d) made claim for recovery of benefits under that *NEW* policy; and (e) were denied benefits and coverage under the *NEW* policy by reason of a denial or disclaimer of coverage based upon elections or waivers signed by existing policyholders before the policy re-write.

76.    The plaintiff, Turner, reserves the right to amend the definitions and/or identify additional subclasses upon completion of class certification.

77.    The putative class is limited to residents of the Commonwealth of Pennsylvania in numbers sufficient to allow class certification.

13

78.    The members of the class are so numerous that joinder of them is impracticable.

79.    Identification of the members of the class can be ascertained in and through discovery of the files and/or computer data base of the defendant, Progressive.

80.    A class action is the only practicable means available for the members of the class to be advised of the coverages and benefits available to them under the pertinent Progressive Policy.

81.    A class action is the only practicable means available to prevent the defendant, Progressive, from engaging in the continuous and systematic illegal and unlawful conduct under the MVFRL and to remedy the harm created by this illegal and unlawful conduct.

82.    The questions of law and fact are common to the members of the class which the plaintiff, Turner, seeks to represent.

83.    The questions of law and fact common to the members of the class predominate over questions that may affect only individual members.

84.    The common questions of law and fact with respect this class which control this litigation predominate over any individual issues include, but are not limited to:

(a)    Each member of the class is a named insured or an insured under an auto policy issued by Progressive prior to the 2014 policy re-write;

(b)    Each member of the class is a named insured or an insured under a *NEW* auto policy issued to existing policyholders after the 2014 policy re-write where the defendant, Progressive, failed to obtain new elections and waivers required for that *NEW* policy under the MVFRL;

(c)    Each member of the class was involved in an accident after the policy re-write;

(d)    Each member of the class made claim for recovery of benefits under that *NEW* policy;

(e)    Each member of the class was denied coverage for the loss under the policy in question by reason of elections and waivers signed before the issuance of that *NEW* policy;

14

(f)     Each member of the class was denied certain rights and benefits under these *NEW* policies including, but not limited to, full tort coverage, and the availability of stacked uninsured motorist and underinsured motorist coverages in limits equal to the liability limits of coverage of the policies by reason of the wrongful denial by Progressive;

(g)     Each member of the class is entitled to a declaration that the policy under which claim was made is required to provide full tort coverage and stacked uninsured motorist and underinsured motorist coverages in limits equal to the liability limits of coverage.

84.     The plaintiff, Turner, is a member of the class that he seeks to represent.

85.     The claim of the plaintiff, Turner, is typical of the claim of other members of the class which he purports to represent.

86.     The plaintiff, Turner, is well qualified to act class representative.

87.     The plaintiff, Turner, will fairly and adequately protect the interests of the members of the class.

88.     The plaintiff, Turner, has no interest that is adverse or antagonistic to the interests of the members of the class.

89.     The plaintiff, Turner, is committed to prosecuting the class action.

90.     The plaintiff, Turner, has retained competent counsel who are experienced in litigation of this nature.

91.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

92.     Joinder of all class matters is impracticable and the likelihood of individual class members seeking declaratory relief individually is remote due to the fact that the members of the class do not know that they are entitled to benefits and coverages which have been illegally denied.

93.    The expense and burden of individual litigation makes it unlikely that a substantial member of the class members will individually seek redress for the wrongs done to them.

94.    It is desirable for all concerned to concentrate the litigation in this particular forum for adjudication.

95.    The plaintiff, Turner, anticipates no difficulty in the management of this action as a class action.

96.    The class action brought by the plaintiff, Turner, is a convenient and proper forum in which to litigate the claim.

97.    The prosecution of separate actions by individual class members would create the risk of bearing inconsistent determinations that could confront the defendant, Progressive, with incompatible standards of conduct and which could prejudice non-parties to any adjudication or substantially impede their ability to protect their own interests because of the overriding common questions of law and fact involved in the matter.

98.    Prosecution of these claims as a class action will result in an orderly and expeditious administration of the claims and will foster economies of time, effort and expense.

99.    Prosecution of these claims as a class action will contribute to uniformity of decisions concerning the practices of the defendant, Progressive.

## COUNT I
### (Declaratory Relief, Individually, and on Behalf of the Class)

100.    The plaintiff, Turner, hereby incorporates by reference the foregoing Paragraphs 1 through 99 of this Complaint as though same were fully set forth herein.

101.    From April 21, 2007 through October 21, 2014, Herbert Turner was the named insured under a policy issued to him by the defendant, Progressive ("First Progressive Policy"), providing coverage in accordance with the MVFRL. See Exhibit "A".

102.    The First Progressive Policy had an inception date of April 21, 2007.  See Exhibit "A".

103.    The First Progressive Policy had an initial term of April 21, 2007 through October 21, 2007.  See Exhibit "A".

104.    The First Progressive Policy was comprised of Form 9610A PA (05/06).  See Exhibit "A".

105.    The First Progressive Policy was renewed every six months using Form 9610A PA (05/06) up through and including the April 21, 2014 through October 21, 2014 term.

106.    The First Progressive Policy was renewed every six months using Policy Form 9610A PA (05/06) through the April 21, 2014 to October 21, 2014 policy term.

107.    At the time of the inception of the First Progressive Policy, Herbert Turner signed an Election of Limited Tort Coverage on April 21, 2007.  See Exhibit "B".

108.    The First Progressive Policy provided limited tort coverage.

109.    The First Progressive Policy provided, *inter alia*, $15,000.00/$30,000.00 in liability coverage.

110.    At the inception of the First Progressive Policy, Herbert Turner signed a Rejection of Uninsured Motorist Protection on April 21, 2007; similarly, he signed a Rejection of Underinsured Motorist Protection on April 21, 2007.  See Exhibits "C" and "D".

111.    The First Progressive Policy provided no uninsured motorist coverage; similarly, it provided no underinsured motorist coverage.

112.    In 2014, Progressive submitted to the Insurance Department, for approval, a re-write of its Personal Auto Policy in Pennsylvania.

17

### Submission/Approval of New Policy

113.    The defendant, Progressive, re-wrote its Pennsylvania Personal Auto Policy in 2014.

114.    In the process of re-writing its Personal Auto Policy in Pennsylvania, Progressive was required to obtain approval from the Pennsylvania Insurance Department of the policy provisions.

115.    When asked to approve an auto policy re-write in Pennsylvania, the Insurance Department may approve the policy re-write for policies *for existing insureds* as either: (a) a policy renewal; or (b) a new policy.

116.    Progressive submitted its Revised Pennsylvania Auto Policy to the Pennsylvania Insurance Department for review and approval.   See Exhibit "E".

117.    The Insurance Department reviewed the submission of Progressive and issued Rulings and Findings with respect to this submission.

118.    The Pennsylvania Insurance Department issued an Objection Letter to Progressive setting forth five (5) specific objections to the filing.  See Exhibit "F".

119.    Objection 5 stated:

> Comments: Part V (ROADSIDE ASSISTANCE), has added a new exclusion (#1). Please discuss concerns that this is reducing coverage for renewal business.  [Act 68 of 1998.  (For the definition of renewal or to renew, see 40 P.S. § 991.2001.)]

See Exhibit "F".

110.    In response to Objective 5, Progressive stated:

> Every renewal customer will receive a notice with the ***NEW POLICY*** describing each reduction in coverage.  That notice will contain a description of the Roadside Assistance Exclusion #1 reduction.

18

See Exhibit "F" (emphasis added).

111.    The Pennsylvania Insurance Department then approved the Progressive Policy re-write as a *NEW* policy not a renewal policy for existing insureds.  See Exhibit "G".

112.    The Filing at a Glance specifically sets forth the following:

| | |
|---|---|
| Author(s): | Jeanine Duda, Danna Norek |
| Reviewer(s): | Debra Breach (primary), Michael McKenney |
| Disposition Date: | 02/12/2014 |
| Disposition Statute: | Approved |
| Effective Date (New): | 04/16/2014 |
| Effective Date (Renewal): | |

See Exhibit "G".

113.    The Filing at a Glance sets forth a date for approval of the re-write as a *NEW* policy but provided no date for approval of the policy re-write as a renewal, thereby confirming that the Second Progressive Policy was considered by the Insurance Department to be a *NEW* policy for existing insureds, not a renewal.  See Exhibit "G".

114.    The Insurance Department, therefore, approved the Progressive Policy re-write as a *NEW* policy not a renewal policy for existing insureds and new business, alike.

115.    Since the Progressive policy re-write was considered a *NEW* policy by the Insurance Department, Progressive was required to obtain new elections and waivers as required by the MVFRL with the issuance of new auto policies in Pennsylvania, including but not limited to the limited tort election, the § 1731 elections/waivers of coverage, the § 1734 sign downs and the § 1738 elections/waivers of stacking, from all existing policyholders who had been issued the *NEW* policy.

19

116. Following the approval of the Progressive Policy re-write by the Insurance Department as a *NEW* policy, not as a renewal policy, Progressive failed to obtain from existing policyholders any and all of the elections and waivers required by the MVFRL with the issuance of this *NEW* policy in Pennsylvania to existing policyholders.

117. As a result of the failure of Progressive to obtain the elections and waivers required by the MVFRL with the issuance of the *NEW* policy to existing policyholders, both the policy issued to Herbert Turner and the policies issued to members of the class are entitled to reformation of their policies in accordance with the requirements of the MVFRL, thereby allowing the plaintiff, Ronzell Turner, and members of the class, to secure additional benefits under the *NEW* policies issued by Progressive after April 16, 2014.

### Insurance Coverage (Post-Policy Re-Write)

118. Effective from October 21, 2014 through the present, Herbert Turner was and is the named insured under a Personal Auto Policy issued by the defendant, Progressive, ("Second Progressive Policy") providing coverage in accordance with the MVFRL. See Exhibit "H".

119. The Second Progressive Policy was comprised of Form 9611A PA (04/14).

120. The Second Progressive Policy was different from the First Progressive Policy.

121. The named insured, Herbert Turner, was not advised by Progressive that the Pennsylvania Auto Policy issued to him had been changed.

122. The Second Progressive Policy provided limited tort coverage.

123. The defendant, Progressive, however, did not obtain an Election of Limited Tort Coverage with the issuance of the Second Policy.

124. The Second Progressive Policy is to be reformed by operation of law to provide full tort coverage.

125. The Second Progressive Policy issued to Herbert Turner provided $15,000.00/$30,000.00 in liability coverage.

126. The Second Progressive Policy provided no uninsured motorist coverage; similarly, it provided no underinsured motorist coverage.

127. The defendant, Progressive, however, did not obtain a § 1734 Rejection of Uninsured Motorist Coverage with the issuance of the Second Progressive Policy to Herbert Turner and members of the class; similarly, it did not obtain a § 1731 Rejection of Underinsured Motorist Protection with the issuance of the Second Progressive Policy to Herbert Turner and members of the class.

128. The Second Progressive Policy issued to Herbert Turner is to be reformed by operation of law to provide uninsured and underinsured motorist coverages; similarly, the rewritten auto policies issued to existing policyholders after the Insurance Department approval are to be reformed by operation of law to provide uninsured and underinsured motorist coverages in accordance with the MVFRL.

129. The defendant, Progressive, did not obtain a § 1738 Rejection of Stacked Uninsured Motorist Protection with the issuance of the new policies to members of the class.

130. The defendant, Progressive, did not obtain a § 1738 Rejection of Stacked Underinsured Motorist Protection with the issuance of the issuance of the Second Progressive Policy to Herbert Turner.

131. The Second Progressive Policy issued to Herbert Turner is to be reformed by operation of law to provide stacked uninsured motorist coverage and stacked underinsured motorist coverage in accordance with the requirements of the MVFRL.

21

132.    The *NEW* policies issued by Progressive to each member of the class following the policy re-write which was approved by the Insurance Department as a *NEW*, not a renewal, policy for existing policyholders required the defendant, Progressive, to obtain the elections and waivers under the MVFRL; the failure of the defendant, Progressive to secure these elections and waivers requires that each such policy be reformed by operation of law to provide additional coverages and benefits under the MVFRL to each member of the class.

133.    The Second Progressive Policy to Herbert Turner which was in full force and effect at the time of the April 27, 2021 motor vehicle accident, in which the plaintiff, Ronzell Turner, was injured, did not provide the coverages required by law; therefore, that policy is to be reformed to provide those coverages to the plaintiff, Ronzell Turner.

### Accident

134.    On April 27, 2021, the plaintiff, Turner, was operating his vehicle on Ogontz Avenue with its intersection at 69th Street in Philadelphia, Pennsylvania when he was violently struck by a motor vehicle operated by Jhourni Lee, owned by Jeffrey Lee and Katina Lee and insured by the Progressive Specialty Insurance Company.

135.    The plaintiff, Turner, sustained serious injuries and damages in the April 27, 2021 motor vehicle accident.

136.    The injuries and damages sustained by the plaintiff, Turner, in the April 27, 2021 motor vehicle accident were caused by the negligence and carelessness of Jhourni Lee.

### Tort Claim

137.    Following the April 27, 2021 motor vehicle accident, the plaintiff, Turner, made claim upon Progressive Specialty Insurance Company seeking recovery of damages in tort.

138.    Following receipt of the claim for recovery of damages in tort, the Progressive Specialty Insurance Company tendered and paid to the plaintiff, Turner, the $15,000.00 limit of liability coverage under the policy issued to Jeffrey Lee and Katina Lee.

139.    The liability limit of the policy issued by the Progressive Specialty Insurance Company to Jeffrey Lee and Katina Lee is insufficient to compensate the plaintiff, Turner, for the losses and damages sustained in the April 27, 2021 motor vehicle accident.

## Underinsured Motorist Claim

140.    Following the April 27, 2021 motor vehicle accident, the plaintiff, Turner, made claim upon the defendant, Progressive, for recovery of, *inter alia*, underinsured motorist benefits under the Second Progressive Policy in effect at the time of the accident.

141.    Following receipt of the claim, Progressive denied coverage for the loss.

142.    Specifically, by letter dated October 4, 2022, Dawn Eberle of the Claims Department of the defendant, Progressive, wrote to counsel for Ronzell Turner stating, in pertinent part:

> Please be advised that we have completed our investigation with respect to your client, Ronzell Turner's request for Underinsured Motorist coverage with the above-captioned loss. This letter is to advise you that there is no applicable Underinsured Motorist coverage under the above-captioned policy for this loss. Our investigation has determined that our insured, Herbert Turner, rejected this coverage. The rejection of Underinsured Motorist coverage forms which were signed and dated by Mr. Turner on April 21, 2007, have previously been sent to you.

See Exhibit "I".

143.    The plaintiff, Turner, maintains the position that the Second Progressive Policy is to be reformed by operation of law to provide $15,000.00/$30,000.00 in stacked underinsured motorist benefits for two vehicles, namely, $30,000.00/$60,000.00 in available coverage.

23

144.   The defendant, Progressive, contends that the Second Progressive Policy provided no underinsured motorist coverage at the time of the loss.

145.   The defendant, Progressive, wrongly contends that the plaintiff, Turner, is not eligible for any underinsured motorist benefits under the Second Progressive Policy with respect to the injuries sustained in the April 27, 2021 motor vehicle accident despite the fact that the defendant, Progressive, failed to obtain the requisite elections and waivers following the issuance of the *NEW* policy to Herbert Turner.

146.   The plaintiff, Turner, correctly maintains the position that he is eligible to recover up to $30,000.00 in stacked underinsured motorist coverage by reason of the failure of the defendant, Progressive, to obtain the elections and waivers required by the MVFRL following the issuance of the Second Progressive Policy,  a *NEW* policy issued to his father, Herbert Turner, an existing policyholder.

147.   A dispute exists as to whether the defendant, Progressive, was required to obtain the elections and waivers required by the MVFRL in connection with the issuance of the *NEW* Second Progressive Policy to Herbert Turner.

148.   By reason of the failure of the defendant, Progressive, to obtain the elections and waivers required by the MVFRL following the issuance of the *NEW* Second Progressive Policy to Herbert Turner and the commensurate failure of the defendant, Progressive, to reform the Second Progressive Policy as required by the MVFRL, the plaintiff, Ronzell Turner, has been deprived of benefits and rights due and owing to him.

149.   A dispute exists as to whether the defendant, Progressive, was required to obtain the elections and waivers required by the MVFRL from each member of the class following the issuance of the *NEW* policy to existing policyholders in 2014 and thereafter.

24

150.    By reason of the failure of the defendant, Progressive, to obtain the elections and waivers required by the MVFRL following the issuance of the *NEW* policy to existing policyholders in 2014 and thereafter, and the commensurate failure of the defendant, Progressive, to reform these *NEW* policies as required by the MVFRL, each member of the class has been deprived of benefits and rights due and owing to him/her.

151.    A dispute exists, therefore, as to the coverages available to the plaintiff, Turner, under the *NEW* Second Progressive Policy.

152.    A dispute exists, therefore, as to the coverages available to each member of the class under the *NEW* policies issued to existing policyholders in 2014 and thereafter.

153.    The controversy poses an issue for judicial determination under the Declaratory Judgment Act.

154.    The controversy involves substantial rights of the parties to the action.

155.    A judgment of this Court in this action will serve a useful purpose in clarifying and settling the legal relations at issue between the parties.

156.    A judgment of this Court will determine, terminate and afford relief from the uncertainty and controversy giving rise to this action.

157.    On his own behalf, the plaintiff, Turner, individually seeks declaratory relief, maintaining the position that by reason of the failure of the defendant, Progressive, to obtain the elections and waivers required by the MVFRL following the issuance of the *NEW* Second Progressive Policy, the Second Progressive Policy issued to Herbert Turner is required to provide: (a) full tort coverage; and (b) $30,000.00/$60,000.00 in underinsured motorist coverage.

158.    On behalf of the class, the plaintiff, Turner, seeks declaratory relief maintaining the position that each *NEW* policy issued to existing policyholders in 2014 and thereafter is required

25

to be reformed to provide additional coverage and benefits as mandated by the MVFRL by reason of the failure of the defendant, Progressive, to obtain the elections and waivers required by the MVFRL following the issuance of these *NEW* policies to existing policyholders.

159.    Individually, the plaintiff, Turner, maintains the position that he is eligible to recover up to $30,000.00 in stacked underinsured motorist coverage in connection with injuries sustained in the April 27, 2021 motor vehicle accident.

160.    The plaintiff, Turner, does not seek compensatory uninsured motorist or underinsured motorist benefits on behalf of the class but only seeks declaratory relief on a class wide basis.

WHEREFORE, the plaintiff, Ronzell Turner, Individually, and on behalf of a class of similarly situated persons, respectfully requests that the Court enter an Order:

(a)    declaring that the policy of insurance issued to Herbert Turner by the defendant, Progressive Specialty Insurance Company, is required to be reformed by operation of law to provide full tort coverage for the plaintiff, Ronzell Turner;

(b)    declaring that the policy of insurance issued to Herbert Turner by the defendant, Progressive Specialty Insurance Company, is required to be reformed by operation of law to provide $15,000.00/$30,000.00 in stacked underinsured motorist coverage for two (2) vehicles, coverage to which the plaintiff, Ronzell Turner, is eligible;

(c)    declaring that each member of the class is eligible to recover uninsured and underinsured motorist coverages in the same limits of liability coverage where the defendant, Progressive Specialty Insurance Company, failed to obtain the elections and waivers required by the MVFRL following the issuance of a *NEW* policy to existing policyholders after the policy re-write;  and

(d)    declaring that each policy of insurance issued to each class member is to be reformed by operation of law to provide stacked uninsured and underinsured motorist coverages required by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S.A. § 1701 et seq. by reason of the failure of the defendant, Progressive Specialty Insurance Company, to obtain new elections and waivers following the issuance of the *NEW* policy to existing policyholders;

(e)    such other relief as the Court deems appropriate.

26

## COUNT II
### (Compensatory Relief -- Underinsured Motorist Benefits -- Individual Plaintiff, Alone)

161.    The plaintiff, Turner, hereby incorporates by reference the foregoing Paragraphs 1 through 160 of this Complaint as though same were fully set forth herein.

162.    Following the April 27, 2021 motor vehicle accident, the plaintiff, Turner, made claim upon the defendant, Progressive, for recovery of, *inter alia*, underinsured motorist benefits under the Second Progressive Policy in effect at the time of the accident.

163.    The plaintiff, Turner, correctly maintains the position that he, as a resident relative of the named insured, Herbert Turner, is eligible to recover up to $30,000.00 in stacked underinsured motorist coverage by reason of the failure of the defendant, Progressive, to obtain the elections and waivers required by the MVFRL following the issuance of the Second Progressive Policy, a *NEW* policy issued to his father, Herbert Turner, an existing policyholder.

164.    By reason of the failure of the defendant, Progressive, to obtain the elections and waivers required by the MVFRL following the issuance of the *NEW* Second Progressive Policy to Herbert Turner and the commensurate failure of the defendant, Progressive, to reform the Second Progressive Policy as required by the MVFRL, the plaintiff, Ronzell Turner, has been deprived of benefits and rights due and owing to him.

165.    The plaintiff, Turner, is eligible to recover up to $30,000.00 in underinsured motorist benefits under the policy of insurance issued by the defendant, Progressive, to his father, Herbert Turner, with whom he resided.

166.    The plaintiff, Turner, is eligible to recover underinsured motorist benefits up to $30,000.00 for the injuries sustained in the April 27, 2021 motor vehicle accident under the Second Progressive Policy, in connection with all injuries and damages sustained with a value in excess of the liability limits paid from the insurer for the tortfeasor.

167.    The injuries and damages sustained by the plaintiff, Turner, consist of, but are not limited to:

- concussion;
- post-concussion syndrome;
- occipital neuralgia;
- post-traumatic headaches;
- cervical radiculopathy;
- cervical and lumbar facet syndrome;
- cervical sprain and strain;
- lumbar sprain and strain;
- left hip sprain;
- right hip sprain;
- severe shock to the nervous system.

168.    The injuries and damages sustained by the plaintiff, Turner, in the April 27, 2021 motor vehicle accident were caused by the negligence and carelessness of the underinsured motorist tortfeasor, Jhourni Lee.

169.    The liability limit of the policy issued by the Progressive Specialty Insurance Company to Jeffrey Lee and Katina Lee is insufficient to compensate the plaintiff, Turner, for losses and damages sustained in the April 27, 2021 motor vehicle accident.

170.    The plaintiff, Turner, as a resident relative of the named insured, Herbert Turner, is an insured under the Second Progressive Policy and is thus legally entitled to recover underinsured

motorist benefits as a result of the injuries caused by Jhourni Lee, the operator of the underinsured motor vehicle.

171.    The injuries sustained by the plaintiff, Turner, are serious and permanent.

172.    The plaintiff, Turner, will require continuing care and treatment as a result of the injuries sustained in the accident.

173.    The defendant, Progressive, has breached the Second Progressive Policy by failing to make payment of underinsured motorist benefits to the plaintiff, Ronzell Turner, in connection with injuries sustained in the April 27, 2021 motor vehicle accident.

174.    The plaintiff, Ronzell Turner, is eligible to recover up to $30,000.00 in underinsured motorist benefits from the defendant, Progressive, in connection with injuries sustained in the April 27, 2021 motor vehicle accident.

WHEREFORE, the plaintiff, Ronzell Turner, respectfully requests that the Court enter an Order awarding the plaintiff, Ronzell Turner, up to $30,000.00 in underinsured motorist coverage in connection with injuries sustained in the April 27, 2021 motor vehicle accident.

HAGGERTY, GOLDBERG,
SCHLEIFER & KUPERSMITH, P.C.

BY:    /s/ James C. Haggerty
JAMES C. HAGGERTY, Esquire
PA Attorney I.D. # 30003
1801 Market Street, Suite 1100
Philadelphia, PA  19103
(267) 350-6600
FAX (215) 665-8201

SCHMIDT KRAMER P.C.

BY: /s/ Scott Cooper
SCOTT B. COOPER, Esq.
PA Attorney I.D. # 70242
209 State Street

Harrisburg, PA 17101
(717) 232-6300


SHUB & JOHNS

BY:    /s/ Jonathan Shub
JONATHAN SHUB, Esquire
PA Attorney I.D. # 53965
Four Tower Bridge, Suite 400
200 Bar Harbor Drive
West Conshohocken, PA  19428
(610) 477-8636

JACK GOODRICH & ASSOCIATES

BY: /s/ Jack Goodrich
JOHN P. GOODRICH, ESQUIRE
PA ATTORNEY I.D. #49648
429 Fourth Avenue
Pittsburgh, PA  15219
(412) 261-4663

Attorneys for Plaintiff

DocuSign Envelope ID: 4FD5B84D-72CB-4585-959D-EFD68004E5B9

## **VERIFICATION**

The undersigned, having read the attached pleading, hereby verifies that the within pleading is based on information furnished to counsel, which information has been gathered by counsel in the course of the lawsuit. The language of the pleading is that of counsel and not of signer. Signer verifies that he has read the within pleading and that it is true and correct to the best of signer's knowledge, information and belief. To the extent that the contents of the pleading and that of counsel, verifier has relied upon counsel in taking this Verification. This Verification is made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

DocuSigned by:

D417D937F3CF488...

DATED:_____

ASHLEY 'S INS AGENCY
5520 WAYNE AVE
PHILADELPHIA, PA 19144

_drive_®
INSURANCE FROM *PROGRESSIVE*

HERBERT TURNER
115 E WASHINGTON LANE
PHILA, PA 19144

**Policy number:  15723756-0**
Underwritten by:
Progressive Specialty Insurance Co
April 23, 2007
Policy Period: Apr 21, 2007 - Oct 21, 2007
Page  1  of  2

**215-991-4900**
**ASHLEY 'S INS AGENCY**
Contact your agent for personalized service.

**driveinsurance.com**
**Online Service**
Make payments, check billing activity, update
policy information or check status of a claim.

**800-925-2886**
To report a claim.

# Auto Insurance
# Coverage Summary
## This is your Declarations Page

Your coverage began on April 21, 2007 at the later of 12:01 a.m. or the effective time shown on your application.  This policy
period ends on October 21, 2007 at 12:01 a.m.

Your insurance policy and any policy endorsements contain a full explanation of your coverage.  The policy limits shown for a
vehicle may not be combined with the limits for the same coverage on another vehicle unless the policy contract or endorsements
indicate otherwise.  The policy contract is form 9610A PA (05/06).

## Underwriting Company

Progressive Specialty Insurance Co
P.O. Box 6807
Cleveland, OH 44101
800-925-2886

## Drivers and household residents

| | Additional information |
|---|---|
| HERBERT TURNER | First Named insured |
| MARCIA HACKLEY | |

## Outline of coverage

### 1991 Chevrolet Caprice 4D

| VIN 1G1BL53E3MW171874 | Limits | Deductible | Premium |
|---|---|---|---|
| Liability To Others | | | $246 |
| Bodily Injury Liability | $15,000 each person/$30,000 each accident | | |
| Property Damage Liability | $5,000 each accident | | |
| First Party Benefits | | | 169 |
| Medical Expenses | $5,000 each person | | |
| Uninsured Motorist | Rejected | | -- |
| Underinsured Motorist | Rejected | | -- |
| Total premium for 1991 Chevrolet | | | **$415** |

Form 6489 PA (11/04)

Continued

Policy number: 15723756-0
HERBERT TURNER
Page 2 of 2

**1996 Ford Windstar Wagon**

| VIN 2FMDA5144TBB64279 | Limits | Deductible | Premium |
|---|---|---|---|
| Liability To Others | | | $239 |
| Bodily Injury Liability | $15,000 each person/$30,000 each accident | | |
| Property Damage Liability | $5,000 each accident | | |
| First Party Benefits | | | 176 |
| Medical Expenses | $5,000 each person | | |
| Uninsured Motorist | Rejected | | -- |
| Underinsured Motorist | Rejected | | -- |
| Total premium for 1996 Ford | | | **$415** |

**1989 Ford F150   4x4pk**

| VIN 1FTEF14YXKNA65339 | Limits | Deductible | Premium |
|---|---|---|---|
| Liability To Others | | | $139 |
| Bodily Injury Liability | $15,000 each person/$30,000 each accident | | |
| Property Damage Liability | $5,000 each accident | | |
| First Party Benefits | | | 88 |
| Medical Expenses | $5,000 each person | | |
| Uninsured Motorist | Rejected | | -- |
| Underinsured Motorist | Rejected | | -- |
| Total premium for 1989 Ford | | | **$227** |
| **Total 6 month policy premium** | | | **$1,057** |

**Premium discounts**

| Policy | |
|---|---|
| 15723756-0 | home owner, multi-car, advance quote and Electronic Funds Transfer (EFT) |

| Vehicle | |
|---|---|
| 1991 Chevrolet Caprice 4D | airbag |
| 1996 Ford Windstar Wagon | airbag |

**Tort Option**

This policy provides limited tort insurance.

**Rejected Coverage**

This policy does not provide protection against damages caused by uninsured or underinsured motorists.

**COLLISION COVERAGE FOR RENTAL VEHICLES**

IF THIS POLICY PROVIDES COLLISION COVERAGE, IT WILL APPLY TO VEHICLES YOU RENT, BUT NOT TO VEHICLES RENTED FOR 6 MONTHS OR MORE.

**Penalty for Insurance Fraud**

Any person who knowingly and with intent to injure or defraud any insurer files an application or claim containing false, incomplete or misleading information shall, upon conviction, be subject to imprisonment for up to seven years and payment of a fine of up to $15,000.

**Company officers**

President

Secretary

Form 6489 PA (11/04)

## NOTICE TO NAMED INSUREDS

The laws of the Commonwealth of Pennsylvania, as enacted by the General Assembly, only require that you purchase liability and first-party medical benefit coverages. Any additional coverages or coverages in excess of the limits required by law are provided only at your request as enhancements to basic coverages.

In compliance with 75 Pa. C.S. Section 1791.1(a), we inform you that the minimum motor vehicle insurance coverages and limits mandated by the Commonwealth are: Bodily Injury Liability - \$15,000 for one person in any one accident/\$30,000 for two or more persons in any one accident; Property Damage Liability - \$5,000; and Medical Benefits - \$5,000. The annual premium for these basic coverages are presented below.

A.  **"Limited Tort" Option**

The laws of the Commonwealth of Pennsylvania give you the right to choose a form of insurance that limits your right and the right of members of your household to seek financial compensation for injuries caused by other drivers. Under this form of insurance, you and other household members covered under this policy may seek recovery for all medical and other out-of-pocket expenses, but not for pain and suffering or other nonmonetary damages unless the injuries suffered fall within the definition of "serious injury" as set forth in the policy or unless one of several other exceptions noted in the policy applies. The annual premium for basic coverage as required by law under this "limited tort" option is \$2,839.00.

Additional coverages under this option are available at additional cost.

B.  **"Full Tort" Option**

The laws of the Commonwealth of Pennsylvania also give you the right to choose a form of insurance under which you maintain an unrestricted right for you and the members of your household to seek financial compensation for injuries caused by other drivers. Under this form of insurance, you and other household members covered under this policy may seek recovery for all medical and other out-of-pocket expenses and may also seek financial compensation for pain and suffering and other nonmonetary damages as a result of injuries caused by other drivers. The annual premium for basic coverage as required by law under this "full tort" option is \$3,910.00.

Additional coverages under this option are available at additional cost.

C.  You may contact your insurance agent, broker or company to discuss the cost of other coverages.

D.  If you wish to choose the "limited tort" option described in paragraph A, you must sign this notice where indicated below and return it. If you do not sign and return this notice, you will be considered to have chosen the "full tort" coverage as described in paragraph B and you will be charged the "full tort" premium.

I wish to choose the "limited tort" option described in paragraph A:

**Named Insured**                                                                 Date

*Herbert K. Turner*                                                          4/21/02

E.  If you wish to choose the "full tort" option described in paragraph B, you may sign this notice where indicated below and return it. However, if you do not sign and return this notice, you will be considered to have chosen the "full tort" coverage as described in paragraph B and you will be charged the "full tort" premium.

I wish to choose the "full tort" option described in paragraph B:

**Named Insured**                                                                 Date

Form 3435 PA (10/07)

## REJECTION OF UNINSURED MOTORIST PROTECTION

By signing this waiver I am rejecting uninsured motorist coverage under this policy, for myself and all relatives residing in my household. Uninsured coverage protects me and relatives living in my household for losses and damages suffered if injury is caused by the negligence of a driver who does not have any insurance to pay for losses and damages. I knowingly and voluntarily reject this coverage.

**Signature of First Named Insured**

4|21|07
**Date**

Form 8055 (06/00)

## REJECTION OF UNDERINSURED MOTORIST PROTECTION

By signing this waiver I am rejecting underinsured motorist coverage under this policy, for myself and all relatives residing in my household.  Underinsured coverage protects me and relatives living in my household for losses and damages suffered if injury is caused by the negligence of a driver who does not have enough insurance to pay for all losses and damages.  I knowingly and voluntarily reject this coverage.

Ⓧ *Herbert K Turner*
**Signature of First Named Insured**

Ⓓ 4|21|07
**Date**

Form 8056 (06/00)

| | | | |
|---|---|---|---|
| *State:* | Pennsylvania | *First Filing Company:* | Progressive Advanced Insurance Company, ... |
| *TOI/Sub-TOI:* | 19.0 Personal Auto/19.0001 Private Passenger Auto (PPA) | | |
| *Product Name:* | Auto | | |
| *Project Name/Number:* | 2014.PA.AU Policy Rollout/2014.PA.AU.4.0 Policy Rollout | | |

# General Information

Project Name: 2014.PA.AU Policy Rollout
Project Number: 2014.PA.AU.4.0 Policy Rollout
Reference Organization:
Reference Title:
Filing Status Changed: 02/12/2014
State Status Changed: 02/12/2014
Created By: Danna Norek
Corresponding Filing Tracking Number:

Status of Filing in Domicile:
Domicile Status Comments: N/A. Form is state specific.
Reference Number:
Advisory Org. Circular:

Deemer Date:
Submitted By: Danna Norek

Filing Description:
The above referenced forms are being submitted for your review and approval. The date we propose to begin using these forms is April 16, 2014 for new business and May 26, 2014 for renewal business. We will notify you if these dates change.

The Pennsylvania Auto Policy - Form 9611A PA (04/14) will replace Pennsylvania Auto Policy - Form 9610A PA (11/05), which was approved September 25, 2006 in SERFF Tracking Number: USPH-6SHR24464/00, State tracking number A994830018. It also replaces the following endorsements by integrating them into the policy: Pennsylvania Policy Endorsement Form Z445 PA (03/07), Pennsylvania Policy Endorsement Form Z763 PA (05/09) and Pet Injury Coverage Endorsement Form Z538 (10/08). This form produces for our Agency customers. A comparison document, with additions indicated in blue text and deletions in red strike-through text, has been provided on the supporting documentation tab for your convenience.

The Pennsylvania Auto Policy - Form 9611D PA (04/14) will replace Pennsylvania Auto Policy - Form 9610D PA (11/05), which was approved September 25, 2006 in SERFF Tracking Number: USPH-6SHR24464/00, State tracking number A994830018. It also replaces the following endorsements by integrating them into the policy: Pennsylvania Policy Endorsement Form Z445 PA (03/07), Pennsylvania Policy Endorsement Form Z763 PA (05/09) and Pet Injury Coverage Endorsement Form Z538 (10/08). This form produces for our Direct customers. A comparison document, with additions indicated in blue text and deletions in red strike-through text, has been provided on the supporting documentation tab for your convenience.

If you have any questions regarding this filing, please contact us.

# Company and Contact

**Filing Contact Information**

Jeffrey G. Palmer, Assistant General
Counsel
6300 Wilson Mills Rd, N72B
Mayfield Village, OH 44143

jeffrey_g_palmer@progressive.com

440-395-2454 [Phone]
440-395-3790 [FAX]

SERFF Tracking #: PRGS-129291481    State Tracking #:    Company Tracking #: 2014.PA.AU.POLICY ROLLOUT

| | | |
|---|---|---|
| **State:** | Pennsylvania | **First Filing Company:** Progressive Advanced Insurance Company, ... |
| **TOI/Sub-TOI:** | 19.0 Personal Auto/19.0001 Private Passenger Auto (PPA) | |
| **Product Name:** | Auto | |
| **Project Name/Number:** | 2014.PA.AU Policy Rollout/2014.PA.AU.4.0 Policy Rollout | |

## Filing Company Information

Progressive Advanced Insurance
Company
6300 Wilson Mills Rd
Mayfield Village, OH  44143
(440) 461-5000 ext. [Phone]

CoCode: 11851
Group Code: 155
Group Name:
FEIN Number: 62-0484104

State of Domicile: Ohio
Company Type:
State ID Number:

Progressive Preferred Insurance
Company
6300 Wilson Mills Road
Mayfield Village, OH  44143
(440) 461-5000 ext. [Phone]

CoCode: 37834
Group Code: 155
Group Name:
FEIN Number: 34-1287020

State of Domicile: Ohio
Company Type:
State ID Number:

Progressive Specialty Insurance
Company
6300 Wilson Mills Road
Mayfield Village, OH  44143
(440) 461-5000 ext. [Phone]

CoCode: 32786
Group Code: 155
Group Name:
FEIN Number: 34-1172685

State of Domicile: Ohio
Company Type:
State ID Number:

*SERFF Tracking #:* PRGS-129291481     *State Tracking #:*                         *Company Tracking #:* 2014.PA.AU.POLICY ROLLOUT

| | | |
|---|---|---|
| **State:** | Pennsylvania | **First Filing Company:** Progressive Advanced Insurance Company, ... |
| **TOI/Sub-TOI:** | 19.0 Personal Auto/19.0001 Private Passenger Auto (PPA) | |
| **Product Name:** | Auto | |
| **Project Name/Number:** | 2014.PA.AU Policy Rollout/2014.PA.AU.4.0 Policy Rollout | |

# Objection Letter

| | |
|---|---|
| Objection Letter Status | Clarification Requested |
| Objection Letter Date | 02/06/2014 |
| Submitted Date | 02/06/2014 |
| Respond By Date | 02/18/2014 |

Dear Jeffrey G. Palmer,

**Introduction:**

Please review the following:

**Objection 1**
- Pennsylvania Auto Policy (Agency), 9611A PA , (04/14) (Form)
- Pennsylvania Auto Policy (Direct), 9611D PA, (04/14) (Form)

Comments: The Limits of Liability Applicable to Stacked and Nonstacked Coverage sections of the UM and UIM forms contain language that is not compliant with the recent Supreme Court decision regarding Heller v. Pennsylvania League of Cities and Municipalities.

In its decision, the Court invalidated an exclusion from UIM coverage for persons eligible to receive workers compensation benefits. The Court found that the clause violated public policy and was unenforceable for two distinct reasons. In addition to the illusory coverage basis regarding the employer-sponsored policy, the Court additionally held that the clause violated the priority of recovery between UM/UIM and workers compensation under applicable law and frustrated the workers compensation carriers right to subrogate against the UM/UIM coverage.

**Objection 2**
- Pennsylvania Auto Policy (Agency), 9611A PA , (04/14) (Form)
- Pennsylvania Auto Policy (Direct), 9611D PA, (04/14) (Form)

Comments: The Exclusion sections of the UM and UIM forms contain language that is not compliant with the recent Supreme Court decision regarding Heller v. Pennsylvania League of Cities and Municipalities.

In its decision, the Court invalidated an exclusion from UIM coverage for persons eligible to receive workers compensation benefits. The Court found that the clause violated public policy and was unenforceable for two distinct reasons. In addition to the illusory coverage basis regarding the employer-sponsored policy, the Court additionally held that the clause violated the priority of recovery between UM/UIM and workers compensation under applicable law and frustrated the workers compensation carriers right to subrogate against the UM/UIM coverage.

**Objection 3**
- Pennsylvania Auto Policy (Agency), 9611A PA , (04/14) (Form)
- Pennsylvania Auto Policy (Direct), 9611D PA, (04/14) (Form)

Comments: Please confirm that the nonstacked language found in the "OTHER INSURANCE' section is compliant with the PA Supreme court decision handed down in Generette v Donegal Mutual.

(In Generette, the Court found that a portion of Donegals Other Insurance clause was non-enforceable because it conflicted with the public policy of the MVFRL to provide excess rather than gap underinsured motorist coverage.)

**Objection 4**
- Pennsylvania Auto Policy (Agency), 9611A PA , (04/14) (Form)
- Pennsylvania Auto Policy (Direct), 9611D PA, (04/14) (Form)

Comments: Exclusion #5, the Physical Damage Section does not include the exception to grant coverage that would otherwise

*SERFF.Tracking #:*  PRGS-129291481    *State Tracking #:*

---

| | | | | |
|---|---|---|---|---|
| **State:** | Pennsylvania | | **First Filing Company:** | Progressive Advanced Insurance Company, ... |
| **TOI/Sub-TOI:** | 19.0 Personal Auto/19.0001 Private Passenger Auto (PPA) | | | |
| **Product Name:** | Auto | | | |
| **Project Name/Number:** | 2014.PA.AU Policy Rollout/2014.PA.AU.4.0 Policy Rollout | | | |

be applicable for victims of domestic abuse.  *(See 40 P.S. §1171.5(a)(14).)*

### Objection 5

- Pennsylvania Auto Policy (Agency), 9611A PA , (04/14) (Form)
- Pennsylvania Auto Policy (Direct), 9611D PA, (04/14) (Form)

Comments: Part V (ROADSIDE ASSISTANCE), has added a new exclusion (#1).  Please discuss concerns that this is reducing coverage for renewal business.  [Act 68 of 1998.  (For the definition of renewal or to renew, see 40 P.S. §991.2001.)]

### Conclusion:

Checklists were developed by the Department to assist filers in designing forms and preparing filings for submission.  These checklists appear on the Department's website at http://www.insurance.pa.gov  under Company Information, Rates and Policy Filing Information.

When responding to SERFF with revised forms, please attach to the Forms Schedule tab to insure it becomes part of the permanent record of this filing.  Thank you.

Sincerely,
Debra Breach

| | |
|---|---|
| State: | Pennsylvania |
| TOI/Sub-TOI: | 19.0 Personal Auto/19.0001 Private Passenger Auto (PPA) |
| Product Name: | Auto |
| Project Name/Number: | 2014.PA.AU Policy Rollout/2014.PA.AU.4.0 Policy Rollout |

**First Filing Company:** Progressive Advanced Insurance Company, ...

## Response Letter

Response Letter Status      Submitted to State
Response Letter Date      02/11/2014
Submitted Date      02/12/2014

Dear Debra Breach,

**Introduction:**

    Thank you for reviewing the filing. Please see our responses. Any changes we made to policy in response to your objections are reflected in the attached documents.

**Response 1**

    **Comments:**

        The workers compensation references have been removed.

**Related Objection 1**

    Applies To:

    - Pennsylvania Auto Policy (Agency), 9611A PA , (04/14) (Form)

    - Pennsylvania Auto Policy (Direct), 9611D PA, (04/14) (Form)

    Comments: The Limits of Liability Applicable to Stacked and Nonstacked Coverage sections of the UM and UIM forms contain language that is not compliant with the recent Supreme Court decision regarding Heller v. Pennsylvania League of Cities and Municipalities.

In its decision, the Court invalidated an exclusion from UIM coverage for persons eligible to receive workers compensation benefits. The Court found that the clause violated public policy and was unenforceable for two distinct reasons. In addition to the illusory coverage basis regarding the employer-sponsored policy, the Court additionally held that the clause violated the priority of recovery between UM/UIM and workers compensation under applicable law and frustrated the workers compensation carriers right to subrogate against the UM/UIM coverage.

    **Changed Items:**

**State:** Pennsylvania      **First Filing Company:** Progressive Advanced Insurance Company, ...

**TOI/Sub-TOI:** 19.0 Personal Auto/19.0001 Private Passenger Auto (PPA)

**Product Name:** Auto

**Project Name/Number:** 2014.PA.AU Policy Rollout/2014.PA.AU.4.0 Policy Rollout

## Form Schedule Item Changes

| Item No. | Form Name | Form Number | Edition Date | Form Type | Form Action | Action Specific Data | | Readability Score | Attachments | Submitted |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | Pennsylvania Auto Policy (Agency) | 9611A PA | (04/14) | PCF | Replaced | Previous Filing Number: | USPH-6SHR24464/00 | 41.000 | 9611A_PA_04-14.pdf | Date Submitted: 02/12/2014 By: Danna Norek |
| | | | | | | Replaced Form Number: | 9610A PA (05/06) | | | |
| | | | | | | Replaced Edition Date: | | | | |
| _Previous Version_ | | | | | | | | | | |
| _1_ | _Pennsylvania Auto Policy (Agency)_ | _9611A PA_ | _(04/14)_ | _PCF_ | _Replaced_ | _Previous Filing Number:_ | _USPH-6SHR24464/00_ | _41.000_ | _9611A_PA_04-14.pdf_ | _Date Submitted: 01/30/2014 By: Danna Norek_ |
| | | | | | | _Replaced Form Number:_ | _9610A PA (05/06)_ | | | |
| | | | | | | _Replaced Edition Date:_ | | | | |
| 2 | Pennsylvania Auto Policy (Direct) | 9611D PA | (04/14) | PCF | Replaced | Previous Filing Number: | USPH-6SHR24464/00 | 41.000 | 9611D_PA_04-14.pdf | Date Submitted: 02/12/2014 By: Danna Norek |
| | | | | | | Replaced Form Number: | 9610D PA (05/06) | | | |
| | | | | | | Replaced Edition Date: | | | | |
| _Previous Version_ | | | | | | | | | | |
| _2_ | _Pennsylvania Auto Policy (Direct)_ | _9611D PA_ | _(04/14)_ | _PCF_ | _Replaced_ | _Previous Filing Number:_ | _USPH-6SHR24464/00_ | _41.000_ | _9611D_PA_04-14.pdf_ | _Date Submitted: 01/30/2014 By: Danna Norek_ |
| | | | | | | _Replaced Form Number:_ | _9610D PA (05/06)_ | | | |
| | | | | | | _Replaced Edition Date:_ | | | | |

| State: | Pennsylvania | **First Filing Company:** | Progressive Advanced Insurance Company, ... |
|---|---|---|---|
| TOI/Sub-TOI: | 19.0 Personal Auto/19.0001 Private Passenger Auto (PPA) | | |
| Product Name: | Auto | | |
| Project Name/Number: | 2014.PA.AU Policy Rollout/2014.PA.AU.4.0 Policy Rollout | | |

*No Rate/Rule Schedule items changed.*

### Supporting Document Schedule Item Changes

| Satisfied - Item: | Comparison Document |
|---|---|
| Comments: | |
| Attachment(s): | 9611.PA.0414.Comparison to 0506 Edition Revised.pdf |

**Previous Version**

| Satisfied - Item: | *Comparison Document* |
|---|---|
| Comments: | |
| Attachment(s): | *9611.PA.0414.Comparison to 0506 Edition.pdf* |

### Response 2

#### Comments:

*The workers compensation references have been removed.*

### Related Objection 2

*Applies To:*

- *Pennsylvania Auto Policy (Agency), 9611A PA , (04/14) (Form)*

- *Pennsylvania Auto Policy (Direct), 9611D PA, (04/14) (Form)*

*Comments: The Exclusion sections of the UM and UIM forms contain language that is not compliant with the recent Supreme Court decision regarding Heller v. Pennsylvania League of Cities and Municipalities.*

*In its decision, the Court invalidated an exclusion from UIM coverage for persons eligible to receive workers compensation benefits. The Court found that the clause violated public policy and was unenforceable for two distinct reasons. In addition to the illusory coverage basis regarding the employer-sponsored policy, the Court additionally held that the clause violated the priority of recovery between UM/UIM and workers compensation under applicable law and frustrated the workers compensation carriers right to subrogate against the UM/UIM coverage.*

#### Changed Items:

| | |
|---|---|
| **State:** | Pennsylvania |
| **TOI/Sub-TOI:** | 19.0 Personal Auto/19.0001 Private Passenger Auto (PPA) |
| **Product Name:** | Auto |
| **Project Name/Number:** | 2014.PA.AU Policy Rollout/2014.PA.AU.4.0 Policy Rollout |

**First Filing Company:** Progressive Advanced Insurance Company, ...

## Form Schedule Item Changes

| Item No. | Form Name | Form Number | Edition Date | Form Type | Form Action | Action Specific Data | | Readability Score | Attachments | Submitted |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | Pennsylvania Auto Policy (Agency) | 9611A PA | (04/14) | PCF | Replaced | Previous Filing Number: | USPH-6SHR24 464/00 | 41.000 | 9611A_PA_04-14.pdf | Date Submitted: 02/12/2014 By: Danna Norek |
| | | | | | | Replaced Form Number: | 9610A PA (05/06) | | | |
| | | | | | | Replaced Edition Date: | | | | |
| *Previous Version* | | | | | | | | | | |
| *1* | *Pennsylvania Auto Policy (Agency)* | *9611A PA* | *(04/14)* | *PCF* | *Replaced* | *Previous Filing Number:* | *USPH-6SHR24 464/00* | *41.000* | *9611A_PA_04-14.pdf* | *Date Submitted: 01/30/2014 By: Danna Norek* |
| | | | | | | *Replaced Form Number:* | *9610A PA (05/06)* | | | |
| | | | | | | *Replaced Edition Date:* | | | | |
| 2 | Pennsylvania Auto Policy (Direct) | 9611D PA | (04/14) | PCF | Replaced | Previous Filing Number: | USPH-6SHR24 464/00 | 41.000 | 9611D_PA_04-14.pdf | Date Submitted: 02/12/2014 By: Danna Norek |
| | | | | | | Replaced Form Number: | 9610D PA (05/06) | | | |
| | | | | | | Replaced Edition Date: | | | | |
| *Previous Version* | | | | | | | | | | |
| *2* | *Pennsylvania Auto Policy (Direct)* | *9611D PA* | *(04/14)* | *PCF* | *Replaced* | *Previous Filing Number:* | *USPH-6SHR24 464/00* | *41.000* | *9611D_PA_04-14.pdf* | *Date Submitted: 01/30/2014 By: Danna Norek* |
| | | | | | | *Replaced Form Number:* | *9610D PA (05/06)* | | | |
| | | | | | | *Replaced Edition Date:* | | | | |

| State: | Pennsylvania | First Filing Company: | Progressive Advanced Insurance Company, ... |
|---|---|---|---|
| TOI/Sub-TOI: | 19.0 Personal Auto/19.0001 Private Passenger Auto (PPA) | | |
| Product Name: | Auto | | |
| Project Name/Number: | 2014.PA.AU Policy Rollout/2014.PA.AU.4.0 Policy Rollout | | |

No Rate/Rule Schedule items changed.

| Supporting Document Schedule Item Changes | |
|---|---|
| Satisfied - Item: | Comparison Document |
| Comments: | |
| Attachment(s): | 9611.PA.0414.Comparison to 0506 Edition Revised.pdf |
| Previous Version | |
| Satisfied - Item: | Comparison Document |
| Comments: | |
| Attachment(s): | 9611.PA.0414.Comparison to 0506.Edition.pdf |

### Response 3

**Comments:**
    Confirmed. The Other Insurance section of Part III was written to comply with PA law, and specifically to comply with the Generette v. Donegal Mutual case.

### Related Objection 3

Applies To:
- Pennsylvania Auto Policy (Agency), 9611A PA , (04/14) (Form)
- Pennsylvania Auto Policy (Direct), 9611D PA, (04/14) (Form)
    Comments: Please confirm that the nonstacked language found in the "OTHER INSURANCE" section is compliant with the PA Supreme court decision handed down in Generette v Donegal Mutual.

(In Generette, the Court found that a portion of Donegals Other Insurance clause was non-enforceable because it conflicted with the public policy of the MVFRL to provide excess rather than gap underinsured motorist coverage.)

### Changed Items:

No Form Schedule items changed.

No Rate/Rule Schedule items changed.

No Supporting Documents changed.

### Response 4

**Comments:**
    We amended the exclusion to reference the exception for victims of domestic abuse.

| State: | Pennsylvania | **First Filing Company:** | Progressive Advanced Insurance Company, ... |
|---|---|---|---|
| TOI/Sub-TOI: | 19.0 Personal Auto/19.0001 Private Passenger Auto (PPA) | | |
| Product Name: | Auto | | |
| Project Name/Number: | 2014.PA.AU Policy Rollout/2014.PA.AU.4.0 Policy Rollout | | |

### Related Objection 4

Applies To:

- Pennsylvania Auto Policy (Agency), 9611A PA , (04/14) (Form)
- Pennsylvania Auto Policy (Direct), 9611D PA, (04/14) (Form)

Comments: Exclusion #5, the Physical Damage Section does not include the exception to grant coverage that would otherwise be applicable for victims of domestic abuse.  (See 40 P.S. §1171.5(a)(14).)

### Changed Items:

State: Pennsylvania **First Filing Company:** Progressive Advanced Insurance Company, ...
TOI/Sub-TOI: 19.0 Personal Auto/19.0001 Private Passenger Auto (PPA)
Product Name: Auto
Project Name/Number: 2014.PA.AU Policy Rollout/2014.PA.AU.4.0 Policy Rollout

## Form Schedule Item Changes

| Item No. | Form Name | Form Number | Edition Date | Form Type | Form Action | Action Specific Data | | Readability Score | Attachments | Submitted |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | Pennsylvania Auto Policy (Agency) | 9611A PA | (04/14) | PCF | Replaced | Previous Filing Number: | USPH-6SHR24 464/00 | 41.000 | 9611A_PA_04-14.pdf | Date Submitted: 02/12/2014 By: Danna Norek |
| | | | | | | Replaced Form Number: | 9610A PA (05/06) | | | |
| | | | | | | Replaced Edition Date: | | | | |
| *Previous Version* | | | | | | | | | | |
| *1* | *Pennsylvania Auto Policy (Agency)* | *9611A PA* | *(04/14)* | *PCF* | *Replaced* | *Previous Filing Number:* | *USPH-6SHR24 464/00* | *41.000* | *9611A_PA_04-14.pdf* | *Date Submitted: 01/30/2014 By: Danna Norek* |
| | | | | | | *Replaced Form Number:* | *9610A PA (05/06)* | | | |
| | | | | | | *Replaced Edition Date:* | | | | |
| 2 | Pennsylvania Auto Policy (Direct) | 9611D PA | (04/14) | PCF | Replaced | Previous Filing Number: | USPH-6SHR24 464/00 | 41.000 | 9611D_PA_04-14.pdf | Date Submitted: 02/12/2014 By: Danna Norek |
| | | | | | | Replaced Form Number: | 9610D PA (05/06) | | | |
| | | | | | | Replaced Edition Date: | | | | |
| *Previous Version* | | | | | | | | | | |
| *2* | *Pennsylvania Auto Policy (Direct)* | *9611D PA* | *(04/14)* | *PCF* | *Replaced* | *Previous Filing Number:* | *USPH-6SHR24 464/00* | *41.000* | *9611D_PA_04-14.pdf* | *Date Submitted: 01/30/2014 By: Danna Norek* |
| | | | | | | *Replaced Form Number:* | *9610D PA (05/06)* | | | |
| | | | | | | *Replaced Edition Date:* | | | | |

| State: | Pennsylvania | **First Filing Company:** | Progressive Advanced Insurance Company, ... |
|---|---|---|---|
| TOI/Sub-TOI: | 19.0 Personal Auto/19.0001 Private Passenger Auto (PPA) | | |
| Product Name: | Auto | | |
| Project Name/Number: | 2014.PA.AU Policy Rollout/2014.PA.AU.4.0 Policy Rollout | | |

No Rate/Rule Schedule items changed.

| Supporting Document Schedule Item Changes | |
|---|---|
| **Satisfied - Item:** | Comparison Document |
| **Comments:** | |
| **Attachment(s):** | 9611.PA.0414.Comparison to 0506 Edition Revised.pdf |
| Previous Version | |
| **Satisfied - Item:** | Comparison Document |
| **Comments:** | |
| **Attachment(s):** | 9611.PA.0414.Comparison to 0506 Edition.pdf |

### Response 5

**Comments:**

Every renewal customer will receive a notice with the new policy describing each reduction in coverage. That notice will contain a description of the Roadside Assistance exclusion #1 reduction.

### Related Objection 5

Applies To:

- Pennsylvania Auto Policy (Agency), 9611A PA , (04/14) (Form)
- Pennsylvania Auto Policy (Direct), 9611D PA, (04/14) (Form)

Comments: Part V (ROADSIDE ASSISTANCE), has added a new exclusion (#1). Please discuss concerns that this is reducing coverage for renewal business. [Act 68 of 1998. (For the definition of renewal or to renew, see 40 P.S. §991.2001.)]

### Changed Items:

No Form Schedule items changed.

No Rate/Rule Schedule items changed.

No Supporting Documents changed.

### Conclusion:

Thank you.

Sincerely,

Danna Norek

*SERFF Tracking #:* PRGS-129291481    *State Tracking #:*    Company Tracking #:  2014.PA.AU.POLICY ROLLOUT

| | |
|---|---|
| *State:* | Pennsylvania |
| *TOI/Sub-TOI:* | 19.0 Personal Auto/19.0001 Private Passenger Auto (PPA) |
| *Product Name:* | Auto |
| *Project Name/Number:* | 2014.PA.AU Policy Rollout/2014.PA.AU.4.0 Policy Rollout |

*First Filing Company:*  Progressive Advanced Insurance Company, ...

# Filing at a Glance

| | |
|---|---|
| Companies: | Progressive Advanced Insurance Company |
| | Progressive Preferred Insurance Company |
| | Progressive Specialty Insurance Company |
| Product Name: | Auto |
| State: | Pennsylvania |
| TOI: | 19.0 Personal Auto |
| Sub-TOI: | 19.0001 Private Passenger Auto (PPA) |
| Filing Type: | Form |
| Date Submitted: | 01/30/2014 |
| SERFF Tr Num: | PRGS-129291481 |
| SERFF Status: | Closed-Approved |
| State Tr Num: | |
| State Status: | Approved |
| Co Tr Num: | 2014.PA.AU.POLICY ROLLOUT |
| Effective Date Requested (New): | 04/16/2014 |
| Effective Date Requested (Renewal): | |
| Author(s): | Jeanine Duda, Danna Norek |
| Reviewer(s): | Debra Breach (primary), Michael McKenney |
| Disposition Date: | 02/12/2014 |
| Disposition Status: | Approved |
| Effective Date (New): | 04/16/2014 |
| Effective Date (Renewal): | |

K & A INS AGENCY
5520 WAYNE AVE
PHILADELPHIA, PA 19144

*PROGRESSIVE*®
DRIVE®Insurance

**Policy Number: 75151790-7**
Underwritten by:
Progressive Specialty Insurance Co
September 13, 2014
Policy Period: Oct 21, 2014 - Apr 21, 2015
Page 1 of 3

HERBERT TURNER
115 E WASHINGTON LANE
PHILA, PA 19144

**1-215-991-4900**
**K & A INS AGENCY**
Contact your agent for personalized service.

**progressiveagent.com**
**Online Service**
Make payments, check billing activity, update
policy information or check status of a claim.

# Auto Insurance
# Coverage Summary

# This is your Renewal
# Declarations Page

**1-800-274-4499**
To report a claim.

The coverages, limits and policy period shown apply only if you pay for this policy to renew.

Your coverage begins on October 21, 2014 at 12:01 a.m. This policy expires on April 21, 2015 at 12:01 a.m.

Your insurance policy and any policy endorsements contain a full explanation of your coverage. The policy limits shown for a vehicle may not be combined with the limits for the same coverage on another vehicle, unless the policy contract or endorsements indicate otherwise. The policy contract is form 9611A PA (04/14). The contract is modified by form 4884 (10/08).

## COLLISION COVERAGE FOR RENTAL VEHICLES

**IF THIS POLICY PROVIDES COLLISION COVERAGE, IT WILL APPLY TO VEHICLES YOU RENT, BUT NOT TO VEHICLES RENTED FOR 6 MONTHS OR MORE.**

## FRAUD NOTICE

Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or statement of claim containing any materially false information or conceals for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act, which is a crime and subjects such person to criminal and civil penalties.

## Underwriting Company

Progressive Specialty Insurance Co
P.O. Box 6807
Cleveland , OH 44101
1-800-876-5581

## Drivers and household residents

| | Additional information |
|---|---|
| HERBERT TURNER | First Named insured |
| MARCIA HACKLEY | |

Continued

## Outline of coverage

### 1991 Chevrolet Caprice
VIN 1G1BL53E3MW171874
Primary use of the vehicle: Pleasure

| | Limits | Deductible | Premium |
|---|---|---|---|
| | | | $161 |
| Liability To Others | | | |
| Bodily Injury Liability | $15,000 each person/$30,000 each accident | | |
| Property Damage Liability | $5,000 each accident | | |
| First Party Benefits | | | 58 |
| Medical Expenses | $5,000 each person | | ... |
| Uninsured Motorist | Rejected | | — |
| Underinsured Motorist | Rejected | | — |
| Total premium for 1991 Chevrolet | | | $219 |

### 1997 Ford F150
VIN 1FTDF18W2VND34510
Primary use of the vehicle: Pleasure

| | Limits | Deductible | Premium |
|---|---|---|---|
| | | | $234 |
| Liability To Others | | | |
| Bodily Injury Liability | $15,000 each person/$30,000 each accident | | |
| Property Damage Liability | $5,000 each accident | | |
| First Party Benefits | | | 65 |
| Medical Expenses | $5,000 each person | | ... |
| Uninsured Motorist | Rejected | | — |
| Underinsured Motorist | Rejected | | — |
| Total premium for 1997 Ford | | | $299 |

### 2007 Chevrolet Trailblazer
VIN 1GNDT13S272192748
Primary use of the vehicle: Commute

| | Limits | Deductible | Premium |
|---|---|---|---|
| | | | $256 |
| Liability To Others | | | |
| Bodily Injury Liability | $15,000 each person/$30,000 each accident | | |
| Property Damage Liability | $5,000 each accident | | |
| First Party Benefits | | | 90 |
| Medical Expenses | $5,000 each person | | ... |
| Uninsured Motorist | Rejected | | — |
| Underinsured Motorist | Rejected | | — |
| Comprehensive | Actual Cash Value | $500 | 138 |
| Collision | Actual Cash Value | $500 | 315 |
| Total premium for 2007 Chevrolet | | | $799 |
| **Total 6 month policy premium** | | | **$1,317.00** |

## Premium discounts

| Policy | |
|---|---|
| 75151790-7 | Home Owner, Three-Year Safe Driving, Five-Year Accident Free, Multi-Car, Continuous Insurance: Diamond and Electronic Funds Transfer (EFT) |

Continued

Vehicle

| | |
|---|---|
| 1991 Chevrolet Caprice | Airbag |
| 1997 Ford F150 | Airbag |
| 2007 Chevrolet Trailblazer | Anti-Theft Device and Airbag |

## Lienholder information

We send certain notices such as coverage summaries and cancellation notices to the following:

| Vehicle | Lienholder |
|---|---|
| 2007 Chevrolet Trailblazer 1GNDT13S272192748 | CHRYSLER CAPITAL CARMEL, IN 46082 |

## Tort Option

This policy provides limited tort insurance.

## Rejected Coverage

This policy does not provide protection against damages caused by uninsured or underinsured motorists.

## Notice of Available Premium Discounts

You may be eligible for discounts mandated by Act 6 of 1990:

- on first party benefits coverage if your car is equipped with a passive restraint system
- on comprehensive coverage if your car is equipped with a passive anti-theft device
- if all named insureds are 55 or older and have successfully completed a motor vehicle driver improvement course approved by PennDOT.

If you have any questions about your eligibility, please contact your agent.

## Company officers

*[signature]*

President

*[signature]*

Secretary

PROGRESSIVE CLAIMS
5165 CAMPUS DRIVE
SUITE 100
PLYMOUTH MEETING, PA 19462

*PROGRESSIVE®*

**Underwritten By:**
**Progressive Specialty Insurance Company**

| Claim Number: | 21-3879465 |
| Loss Date: | April 27, 2021 |
| Loss State: | PA |
| Document Date: | October 4, 2022 |
| Page 1 of 1 |

LAW OFFICE OF SOLOMON
MATTHEW SOLOMON
1801 MARKET STREET
PHILADELPHIA, PA 19103

**claims.progressive.com**
Track the status and details of your
claim, e-mail your representative or
report a new claim.

# Claim Information

RE: OUR INSURED: HERBERT TURNER
INJURED PARTY: RONZELL TURNER
POLICY #: 75151790

Dear Mr. Solomon,

Please be advised that we have completed our investigation with respect to your client, Ronzell Turner's request for Underinsured Motorist coverage in connection with the above-captioned loss. This letter is to advise you that there is no applicable Underinsured Motorist coverage under the above-captioned policy for this loss. Our investigation has determined that our insured, Herbert Turner rejected this coverage. The rejection of Underinsured Motorist coverage forms which were signed and dated by Mr. Turner on April 21, 2007, have previously been sent to you.

Based on the above, Progressive Specialty Insurance Company hereby denies any obligation to pay Underinsured Motorist benefits in connection with the above-captioned loss. Other policy defenses and provisions may apply in addition to those discussed herein. Progressive Specialty Insurance Company reserves the right to assert additional policy defenses if new information is obtained. Progressive Specialty Insurance Company does not waive any rights that it has under the policy or under applicable law.

If you have any additional information that you wish us to consider and which you believe would be relevant to our coverage evaluation, please advise us in writing. In addition, if you should have any questions regarding the above, please feel free to contact the undersigned. If I do not hear from you within 10 business days, I will close the file.

Sincerely,

DAWN EBERLE
Claims Department
1-610-276-4732
1-800-PROGRESSIVE (1-800-776-4737)
Fax: 1-844-268-4665

Form Z587 (01/08)

RECEIVED BY A198815

FEB 0 5 2024

Claims Centralized Mail Room

**Progressive Specialty
Insurance Company
6300 Wilson Mills Road
Mayfield Village, OH 44143**







US POSTAGE
**$012.08**
First-Class - iMi
ZIP 19103
02/02/2024
034A 0081800360

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE
**CERTIFIED MAIL®**

9589 0710 5270 0743 1695 35

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
PENNSYLVANIA

Filed and Attested by the
Office of Judicial Records
05 FEB 2024 05:15 pm
S. GILLIAM

RONZELL TURNER, INDIVIDUALLY : 
AND ON BEHALF OF A CLASS OF : 
SIMILARLY SITUATED PERSONS : 
115 E. Washington Lane : FEBRUARY TERM, 2024
Philadelphia, Pa 19114 : No. 00245
  : 
     v. : 
  : 
PROGRESSIVE SPECIALTY : 
INSURANCE COMPANY : 
6300 Wilson Mills Road : 
Mayfield Village, OH  44143 : 

## CERTIFICATE OF SERVICE OF LEGAL PAPERS
## PURSUANT TO PA R.C.P. 403

    I, James C. Haggerty, Esquire, Attorney for Plaintiff, certify that a copy of the Complaint filed on February 2, 2024 was sent to Defendant, Progressive Specialty Insurance Company at 6300 Wilson Mills Road, Mayfield Village, OH  44143 by Certified Mail, Return Receipt Requested on February 2, 2024. The Complaint was received by the defendant on February 5, 2024. A true and correct copy of the letter to Progressive Specialty Insurance Company and the Certified Mail Return Receipt, Article No.: 9589 0710 5270 0743 1695 35 with the confirmation from the USPS website is attached hereto.

                               HAGGERTY, GOLDBERG, SCHLEIFER
                               & KUPERSMITH, P.C.

DATE: 2/5/24         BY:    _/s/ James C. Haggerty_____
                                 James C. Haggerty, Esquire
                                 1801 Market Street, Suite 1100
                                 Philadelphia, PA 19103
                                 Attorney for Plaintiff



**HAGGERTY, GOLDBERG, SCHLEIFER, & KUPERSMITH, P.C.**

James C. Haggerty, Esquire
HAGGERTY, GOLDBERG, SCHLEIFER, & KUPERSMITH, P.C.
1801 Market Street, Suite 1100
Philadelphia, PA 19103

Phone:  (267) 350 – 6600 ext.142
Fax:      (215) 665 – 8201
Email:   jhaggerty@HGSKLawyers.com

February 2, 2024

Charles J. Schleifer
James C. Haggerty
Terry D. Goldberg
Richard T. Kupersmith
Mark J. Kogan
Jason R. Weiss *
Scott J. Schleifer

Ana R. Amarante-Craig *
Beth Bowers *
Matthew D. Colavita *
Jeffrey K. Stanton *

Michael Alexanian *
Joseph P. Bradica *
Clifford Bryman
Dennis C. Coyne *
Eileen V. Dooley
Kaitlyn Macaulay
Jared M. Teich *
Timothy Yuncker

Special Counsel
John J. Beichert
Stephen David

Of Counsel
Bruce I. Kogan
Marshall Kresman *
Michael Steiman

Progressive Specialty Insurance Company
6300 Wilson Mills Road
Mayfield Village, OH  44143

Re:   Turner v. Progressive

Dear Sir or Madam:

Enclosed please find a Civil Action - Class Action Complaint relative to the above matter.  This Complaint has been filed in the Court of Common Pleas of Philadelphia County.  Kindly note that you may wish to secure counsel to file a response to same in accordance with the Pennsylvania Rules of Civil Procedure.

Service of the Complaint is being made by Certified Mail, Return Receipt Requested, pursuant to the Pennsylvania Rules of Civil Procedure and the International Interstate and Service of Process Act, 42 Pa.C.S.A. § 5321.  This service is in compliance with Pennsylvania law.  Please note your obligation to respond to this pleading.

Very truly yours,

HAGGERTY, GOLDBERG, SCHLEIFER
& KUPERSMITH, P.C.

James C. Haggerty

TED

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)
☐ Return Receipt (electronic)
☐ Certified Mail Restricted Delivery
☐ Adult Signature Required
☐ Adult Signature Restricted Delivery

Postage
$

Total Postage and Fees
$

Sent To  Progressive Specialty In. Co.
Street and Apt. No., or PO Box No.  6300 Wilson Mills Road
City, State, ZIP+4®  Mayfield Village OH 44143

PS Form 3800, January 2023 PSN 7530-02-000-9047   See Reverse for Instructions

PENN CENTER PHILA PA 19102
Postmark Here
2024

COIX

35

Case ID: 240200245

# USPS Tracking®

Tracking FAQs

**Track Packages**
**Anytime, Anywhere**

Get the free Informed Delivery® feature to receive automated notifications on your packages
**Learn More**

Remove
Tracking Number:
958907105270743169535
Copy  Add to Informed Delivery
## Latest Update
Your item was picked up at a postal facility at 11:02 am on February 5, 2024 in CLEVELAND, OH 44143.

**Get More Out of USPS Tracking:**
**USPS Tracking Plus®**
## Delivered
Delivered, Individual Picked Up at Postal Facility
CLEVELAND, OH 44143
February 5, 2024, 11:02 am
Arrived at Post Office
CLEVELAND, OH 44143
February 5, 2024, 10:54 am
Arrived at USPS Regional Facility
CLEVELAND OH DISTRIBUTION CENTER
February 4, 2024, 12:56 pm
Hide Tracking History
**What Do USPS Tracking Statuses Mean?**
**Text & Email Updates**
**USPS Tracking Plus®**
**Product Information**
See Less

Track Another Package

# Need More Help?

Contact USPS Tracking support for further assistance.
**FAQs**

- **HELPFUL LINKS**

1. Contact Us
2. Site Index
3. FAQs
4. Feedback

- **ON ABOUT.USPS.COM**

1. About USPS Home
2. Newsroom
3. USPS Service Updates
4. Forms & Publications
5. Government Services
6. Careers

- **OTHER USPS SITES**

1. Business Customer Gateway
2. Postal Inspectors
3. Inspector General
4. Postal Explorer
5. National Postal Museum
6. Resources for Developers
7. PostalPro

- **LEGAL INFORMATION**

1. Privacy Policy
2. Terms of Use
3. FOIA
4. No FEAR Act/EEO Contacts
5. Fair Chance Act
6. Accessibility Statement

Copyright © 2024 USPS. All Rights Reserved.



- 



-

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**CIVIL TRIAL DIVISION**

| | |
|---|---|
| TURNER | February Term 2024 |
| VS | No. 00245 |
| PROGRESSIVE SPECIALTY INSURANCE COMPANY | |

**DOCKETED**

FEB  6 2024

R. POSTELL
COMMERCE PROGRAM

## *CLASS ACTION INITIATION ORDER*

***AND NOW***, Tuesday, February 06, 2024, plaintiffs having commenced a Class Action which has been assigned to the Honorable JAMES CRUMLISH, it is hereby ***ORDERED*** as follows:

1. All parties are directed to appear via Zoom for a Case Management Conference on 05-APR-2024 at 11:45 AM.  The Commerce Case Management Zoom link is available on the Court's Website at: https://www.courts.phila.gov/remote-hearings/

2. Five (5) days prior to the Zoom Conference, all parties are required to electronically file with the court, and to serve upon all opposing counsel and opposing parties who cannot be electronically served by the court, a fully completed Commerce Case Management Memorandum.  A copy of the Commerce Case Management Memorandum form may be found at:

   https://www.courts.phila.gov/pdf/forms/civil/01-111-Case-Management-Conference-Memorandum-Commerce.pdf

3. To electronically file the Commerce Case Management Memorandum, access the "Existing Case" section of the court's electronic filing system.  Select "Conference

RCP0056RCP0005R (Rev 7/15/21)

GLCDS-Turner Vs Progressive Specialty Insurance Company

24020024500007

Submissions" as the filing category.  Select "Management Memorandum" as the filing type.

4.   In the Case Management Memorandum, counsel should describe in detail: the substance of plaintiffs' claims and defendants' defenses; whether certification or merits discovery should occur first; any procedural complications the parties anticipate may occur, such as venue or jurisdictional disputes, joinder of additional parties, requests for bifurcation, etc.; and any other information that will assist the Case Manager to determine how much time the parties need to conduct discovery during the certification and/or merits portion of the case.

5.   Counsel shall also be prepared to discuss with the Case Manager at the Zoom Conference all of the issues listed in Paragraph 4 above.

6.   Plaintiffs' counsel shall serve a copy of this Order upon all unrepresented parties and any attorney entering an appearance subsequent to the date of issuance of this Order.

*BY THE COURT:*

*JAMES CRUMLISH, J.*
*TEAM LEADER*
*CLASS ACTION PROGRAM*

RCP06058/CP06058h (Rev 7/15/21)

**IN THE COURT OF COMMON PLEAS
OF PHILADELPHIA COUNTY
PENNSYLVANIA**

*Filed and Attested by the
Office of Judicial Records
06 FEB 2024 12:01 pm
S. GILLIAM*

| | |
|---|---|
| RONZELL TURNER, individually and     : <br> on behalf of others similarly situated,      : <br>      : <br>      **Plaintiff**      : <br>    **v.**      : <br>      : <br> **PROGRESSIVE SPECIALTY INSURANCE**     : <br> **COMPANY,**      : <br>      : <br>      **Defendants**      : <br>      : | **NO.: 240200245** <br><br> **TERM 2024** |

## ENTRY OF APPEARANCE

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of the Plaintiff, RONZELL TURNER, in the above-captioned matter.

Dated: _____February 6, 2024_____      Respectfully Submitted,

                                               **SHUB & JOHNS LLC**

                                               */s/ Jonathan Shub*
                                               Jonathan Shub (PA Bar No. 53965)
                                               200 Barr Harbor Drive, Suite 400
                                               Conshohocken, PA 19428
                                               Phone: (610) 477-8380
                                               E-Mail: jshub@shublawyes.com

                                               *Counsel for Plaintiff*

1

Case ID: 240200245

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this date I served the foregoing Entry of Appearance upon all counsel of record via the Court's EFS system.

Dated: February 6, 2024                          */s/ Jonathan Shub*
                                                  Jonathan Shub

2

Case ID: 240200245