IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
PENNSYLVANIA

RONZELL TURNER, INDIVIDUALLY :
AND ON BEHALF OF A CLASS OF :
SIMILARY SITUATED PERSONS :
115 E. Washington Lane :
Philadelphia, PA 19144 :       TERM, 2024
                              : No.
                              :
        v. :
                              :
PROGRESSIVE SPECIALTY :
INSURANCE COMPANY :
6300 Wilson Mills Road :
Mayfield Village, OH  44143 :

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RONZELL TURNER, INDIVIDUALLY :
AND ON BEHALF OF A CLASS OF :
SIMILARLY SITUATED PERSONS :       2:24-cv-00939
                              :
                              : (Removed from the Court of Common
        v. :                    Pleas of Philadelphia County,
                              : Commonwealth of Pennsylvania,
PROGRESSIVE SPECIALTY :         Case No. 240200245)
INSURANCE COMPANY :

~~CIVIL ACTION~~ AMENDED **CLASS ACTION COMPLAINT**

**Parties**

1.      The plaintiff, Ronzell Turner ("Turner"), is an adult individual citizen and resident

of the Commonwealth of Pennsylvania, residing at  115 East Washington Lane, Philadelphia,

Pennsylvania 19144**.**

2.      The defendant, Progressive Specialty Insurance Company ("Progressive") is a

corporation organized and existing under the laws of the State of Ohio, being duly authorized to

1

conduct business in the Commonwealth of Pennsylvania with its principal place of business located in Mayfield Village, Ohio, being duly authorized to and conducting business in the Commonwealth of Pennsylvania.

3.     The defendant, Progressive, regularly and routinely conducts business in the City and County of Philadelphia.

4.     In the present action, the plaintiff, Turner, is seeking:

(a)   declaratory relief on behalf of the individual plaintiff, Turner; and

(b)   declaratory relief on behalf of the class; and.

(c)   compensatory relief, i.e. contractual underinsured motorist benefits, on behalf of the individual plaintiff, Turner, alone.

5.     The present lawsuit is based upon the actions of the defendant, Progressive, in: (a) rewriting its Pennsylvania Auto Policy in 2014; (b) submitting the *NEW* policy to the Insurance Department for review and approval; (c) receiving the Insurance Departmental approval of the policy re-write as a *NEW* policy, not a renewal policy, for existing insureds; (d) issuing the *NEW* Pennsylvania Auto Policy to existing insureds in Pennsylvania after April 16, 2014; (e) treating the Insurance Department approval of the policy re-write as a renewal policy, rather than as a *NEW* policy, which was the actual ruling of the Insurance Department; and (f) failing to obtain new elections  and waivers under the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S.A. § 1701 et seq. ("MVFRL"), with the issuance of this *NEW* auto policy in Pennsylvania. As a result, the plaintiff, Turner, and the members of the putative class, were deprived of certain rights and benefits to which they were otherwise entitled under the MVFRL.  The policy under

2

which Turner is making claim for benefits, as well as the policies of each member of the putative class, should be reformed to reflect the proper coverages.

**Insurance Coverage (Pre-Policy Re-write)**

6.    Herbert Turner, the father of the plaintiff, Ronzell Turner, has been insured with the defendant, Progressive, since 2007; at all times material hereto, the plaintiff, Ronzell Turner, resided with his father, Herbert Turner.

7.    From April 21, 2007 through October 21, 2014, Herbert Turner was the named insured under a policy issued to him by the defendant, Progressive ("First Progressive Policy"), providing coverage in accordance with the MVFRL.  A copy of the Declarations Pages for the initial policy term of the First Progressive Policy for the April 21, 2007 through October 21, 2007 policy term is attached hereto as Exhibit "A" .

8.    The First Progressive Policy had an inception date of April 21, 2007.  See Exhibit "A".

9.    The First Progressive Policy had an initial term of April 21, 2007 through October 21, 2007.  See Exhibit "A".

10.    The First Progressive Policy was comprised of Form 9610A PA (05/06).   See Exhibit "A".

11.    The First Progressive Policy was renewed every six months using Form 9610A PA (05/06) up through and including the April 21, 2014 through October 21, 2014 term.

12.    The First Progressive Policy was renewed every six months using Policy Form 9610A PA (05/06) through the April 21, 2014 to October 21, 2014 policy term.

13.     At the time of the inception of the First Progressive Policy, Herbert Turner signed an Election of Limited Tort Coverage on April 21, 2007.  A true and correct copy of the Election of Limited Tort Coverage is attached hereto as Exhibit "B".

14.     The First Progressive Policy provided limited tort coverage.

15.     The First Progressive Policy provided, *inter alia*, $15,000.00/$30,000.00 in liability coverage.

16.     At the inception of the First Progressive Policy, Herbert Turner signed a Rejection of Uninsured Motorist Protection on April 21, 2007; similarly, he signed a Rejection of Underinsured Motorist Protection on April 21, 2007.   True and correct copies of these Rejections are attached as Exhibits "C" and "D".

17.     The First Progressive Policy provided no uninsured motorist coverage; similarly, it provided no underinsured motorist coverage.

18.     In 2014, Progressive submitted to the Insurance Department, for approval, a re-write of its Personal Auto Policy in Pennsylvania.

**Submission/Approval of New Policy**

19.     The defendant, Progressive, re-wrote its Pennsylvania Personal Auto Policy in 2014.

20.     In the process of re-writing its Personal Auto Policy in Pennsylvania, Progressive was required to obtain approval from the Pennsylvania Insurance Department of the policy provisions.

21.     When asked to approve an auto policy re-write in Pennsylvania, the Insurance Department may approve the policy re-write for policies *for existing insureds* as either: (a) a policy renewal; or (b) a new policy.

4

22.     Progressive submitted its Revised Pennsylvania Auto Policy to the Pennsylvania Insurance Department for review and approval.  A true and correct copy of the General Information submission made by Progressive to the Pennsylvania Insurance Department is attached as Exhibit "E".

23.     The Insurance Department reviewed the submission of Progressive and issued Rulings and Findings with respect to this submission.

24.     The Pennsylvania Insurance Department issued an Objection Letter to Progressive setting forth five (5) specific objections to the filing.  A true and correct copy of the Objection Letter is attached as Exhibit "F".

25.     Objection 5 stated:

Comments:  Part V (ROADSIDE ASSISTANCE), has added a new exclusion (#1). Please discuss concerns that this is reducing coverage for renewal business.  [Act 68 of 1998.  (For the definition of renewal or to renew, see 40 P.S. § 991.2001.)]

See Exhibit "F".

26.     In response to Objective 5, Progressive stated:

Every renewal customer will receive a notice with the **NEW POLICY** describing each reduction in coverage.  That notice will contain a description of the Roadside Assistance Exclusion #1 reduction.

See Exhibit "F" (emphasis added).

27.     The Pennsylvania Insurance Department then approved the Progressive Policy re-write as a **NEW** policy not a renewal policy for existing insureds.  A true and correct copy of the Filing at a Glance is attached as Exhibit "G".

28.     The Filing at a Glance specifically sets forth the following:

Author(s):              Jeanine Duda, Danna Norek

Reviewer(s):            Debra Breach (primary), Michael McKenney

5

Disposition Date:          02/12/2014

Disposition Statute:       Approved

Effective Date (New):      04/16/2014

Effective Date (Renewal):

See Exhibit "G".

29.     The Filing at a Glance sets forth a date for approval of the re-write as a *NEW* policy but provided no date for approval of the policy re-write as a renewal, thereby confirming that the Second Progressive Policy was considered by the Insurance Department to be a *NEW* policy for existing insureds, not a renewal.  See Exhibit "G".

30.     The Insurance Department, therefore, approved the Progressive Policy re-write as a *NEW* policy not a renewal policy for existing insureds and new business, alike.

31.     Since the Progressive policy re-write was considered a *NEW* policy by the Insurance Department, Progressive was required to obtain new elections and waivers as required by the MVFRL with the issuance of new auto policies in Pennsylvania, including but not limited to the limited tort election, the § 1731 elections/waivers of coverage, the § 1734 sign downs and the § 1738 elections/waivers of stacking, from all existing policyholders who had been issued the *NEW* policy.

32.     Following the approval of the Progressive Policy re-write by the Insurance Department as a *NEW* policy, not as a renewal policy, Progressive failed to obtain from existing policyholders any and all of the elections and waivers required by the MVFRL with the issuance of this *NEW* policy in Pennsylvania to existing policyholders.

33.     As a result of the failure of Progressive to obtain the elections and waivers required by the MVFRL with the issuance of the *NEW* policy to existing policyholders, both the policy

6

issued to Herbert Turner and the policies issued to members of the class are entitled to reformation of their policies in accordance with the requirements of the MVFRL, thereby allowing the plaintiff, Ronzell Turner, and members of the class, to secure additional benefits under the *NEW* policies issued by Progressive after April 16, 2014.

## **Insurance Coverage (Post-Policy Re-Write)**

34.     Effective from October 21, 2014 through the present, Herbert Turner was and is the named insured under a Personal Auto Policy issued by the defendant, Progressive, ("Second Progressive Policy") providing coverage in accordance with the MVFRL.  A true and correct copy of the Declarations pages for the initial policy term of the Second Progressive Policy, namely, the October 21, 2014 through April 21, 2015 policy term, is attached hereto as Exhibit "H".

35.     The Second Progressive Policy was comprised of Form 9611A PA (04/14).

36.     The Second Progressive Policy was different from the First Progressive Policy.

37.     The named insured, Herbert Turner, was not advised by Progressive that the Pennsylvania Auto Policy issued to him had been changed.

38.     The Second Progressive Policy provided limited tort coverage.

39.     The defendant, Progressive, however, did not obtain an Election of Limited Tort Coverage with the issuance of the Second Policy.

40.     The Second Progressive Policy is to be reformed by operation of law to provide full tort coverage.

41.     The Second Progressive Policy issued to Herbert Turner provided $15,000.00/$30,000.00 in liability coverage.

42.     The Second Progressive Policy provided no uninsured motorist coverage; similarly, it provided no underinsured motorist coverage.

7

43.     The defendant, Progressive, however, did not obtain a § 1734 Rejection of Uninsured Motorist Protection with the issuance of the Second Progressive Policy to Herbert Turner and members of the class; similarly, it did not obtain a § 1731 Rejection of Underinsured Motorist Protection with the issuance of the Second Progressive Policy to Herbert Turner and members of the class.

44.     The Second Progressive Policy issued to Herbert Turner is to be reformed by operation of law to provide uninsured and underinsured motorist coverages; similarly, the rewritten auto policies issued to existing policyholders after the Insurance Department approval are to be reformed by operation of law to provide uninsured and underinsured motorist coverages in accordance with the MVFRL.

45.     The defendant, Progressive, did not obtain a § 1738 Rejection of Stacked Uninsured Motorist Protection with the issuance of the *NEW* policies to members of the class.

46.     The defendant, Progressive, did not obtain a § 1738 Rejection of Stacked Underinsured Motorist Protection with the issuance of the *NEW* policy to Herbert Turner; similarly, it provided no underinsured motorist coverage.

47.     The Second Progressive Policy issued to Herbert Turner is to be reformed by operation of law to provide stacked uninsured motorist coverage and stacked underinsured motorist coverage in accordance with the requirements of the MVFRL.

48.     The *NEW* policies issued by Progressive to each member of the class following the policy re-write which was approved by the Insurance Department as a *NEW*, not a renewal, policy for existing policyholders required the defendant, Progressive, to obtain the elections and waivers under the MVFRL; the failure of the defendant, Progressive to secure these elections and waivers

requires that each such policy be reformed by operation of law to provide additional coverages and benefits under the MVFRL to each member of the class.

49.     The Second Progressive Policy to Herbert Turner which was in full force and effect at the time of the April 27, 2021 motor vehicle accident, in which the plaintiff, Ronzell Turner, was injured, did not provide the coverages required by law; therefore, that policy is to be reformed to provide those coverages to the plaintiff, Ronzell Turner.

9

**<u>Accident</u>**

50.     On April 27, 2021, the plaintiff, Turner, was operating his vehicle on Ogontz Avenue with its intersection at 69th Street in Philadelphia, Pennsylvania when he was violently struck by a motor vehicle operated by Jhourni Lee, owned by Jeffrey Lee and Katina Lee and insured by the Progressive Specialty Insurance Company.

51.     The plaintiff, Turner, sustained serious injuries and damages in the April 27, 2021 motor vehicle accident.

52.     The injuries and damages sustained by the plaintiff, Turner, in the April 27, 2021 motor vehicle accident were caused by the negligence and carelessness of Jhourni Lee.

**<u>Tort Claim</u>**

53.     Following the April 27, 2021 motor vehicle accident, the plaintiff, Turner, made claim upon Progressive Specialty Insurance Company seeking recovery of damages in tort.

54.     Following receipt of the claim for recovery of damages in tort, the Progressive Specialty Insurance Company tendered and paid to the plaintiff, Turner, the $15,000.00 limit of liability coverage under the policy issued to Jeffrey Lee, Katina Lee and permissive user Jhourni Lee.

55.     The liability limit of the policy issued by the Progressive Specialty Insurance Company to Jeffrey Lee and Katina Lee is insufficient to compensate the plaintiff, Turner, for the losses and damages sustained in the April 27, 2021 motor vehicle accident.

10

**Underinsured Motorist Claim**

56.     Following the April 27, 2021 motor vehicle accident, the plaintiff, Turner, made

claim upon the defendant, Progressive, for recovery of, *inter alia*, underinsured motorist benefits

under the Second Progressive Policy in effect at the time of the accident.

57.     Following receipt of the claim, Progressive denied coverage for the loss.

58.     Specifically, by letter dated October 4, 2022, Dawn Eberle of the Claims

Department of the defendant, Progressive, wrote to counsel for Ronzell Turner stating, in pertinent

part:

> Please be advised that we have completed our investigation with respect to your client,
> Ronzell Turner's request for Underinsured Motorist coverage with the above-captioned
> loss.  This letter is to advise you that there is no applicable Underinsured Motorist
> coverage under the above-captioned policy for this loss.  Our investigation has determined
> that our insured, Herbert Turner, rejected this coverage.  The rejection of Underinsured
> Motorist coverage forms which were signed and dated by Mr. Turner on April 21, 2007,
> have previously been sent to you.

A true and correct copy of the October 4, 2022 letter is attached as Exhibit "I".

59.     The plaintiff, Turner, maintains the position that the Second Progressive Policy is

to be reformed by operation of law to provide $15,000.00/$30,000.00 in stacked underinsured

motorist benefits for two vehicles, namely, $30,000.00/$60,000.00 in available coverage.

60.     The defendant, Progressive, contends that the Second Progressive Policy provided

no underinsured motorist coverage at the time of the loss.

61.     The defendant, Progressive, wrongly contends that the plaintiff, Turner, is not

eligible for any underinsured motorist benefits under the Second Progressive Policy with respect

to the injuries sustained in the April 27, 2021 motor vehicle accident despite the fact that the

defendant, Progressive, failed to obtain the requisite elections and waivers following the issuance of the *NEW* policy to Herbert Turner.

62.     The plaintiff, Turner, correctly maintains the position that he is eligible to recover up to $30,000.00 in stacked underinsured motorist coverage by reason of the failure of the defendant, Progressive, to obtain the elections and waivers required by the MVFRL following the issuance of the Second Progressive Policy, a *NEW* policy, issued to his father, Herbert Turner, an existing policyholder.

63.     A dispute exists as to whether the defendant, Progressive, was required to obtain the elections and waivers required by the MVFRL in connection with the issuance of the *NEW* Second Progressive Policy to Herbert Turner.

64.     By reason of the failure of the defendant, Progressive, to obtain the elections and waivers required by the MVFRL following the issuance of the *NEW* Second Progressive Policy to Herbert Turner and the commensurate failure of the defendant, Progressive, to reform the Second Progressive Policy as required by the MVFRL, the plaintiff, Ronzell Turner, has been deprived of benefits and rights due and owing to him.

65.     A dispute exists as to whether the defendant, Progressive, was required to obtain the elections and waivers required by the MVFRL from each member of the class following the issuance of the *NEW* policy to existing policyholders in 2014 and thereafter.

66.     By reason of the failure of the defendant, Progressive, to obtain the elections and waivers required by the MVFRL following the issuance of the *NEW* policy to existing policyholders in 2014 and thereafter, and the commensurate failure of the defendant, Progressive, to reform these *NEW* policies as required by the MVFRL, each member of the class has been deprived of benefits and rights due and owing to him/her.

67.     A dispute exists, therefore, as to the coverages available to the plaintiff, Turner, under the *NEW* Second Progressive Policy.

68.     A dispute exists, therefore, as to the coverages available to each member of the class under the *NEW* policies issued to existing policyholders in 2014 and thereafter.

### Requested Relief

69.     On his own behalf, the plaintiff, Turner, individually seeks declaratory relief, maintaining the position that by reason of the failure of the defendant, Progressive, to obtain the elections and waivers required by the MVFRL following the issuance of the *NEW* Second Progressive Policy, the Second Progressive Policy issued to Herbert Turner is required to provide: (a) full tort coverage; and (b) $30,000.00/$60,000.00 in underinsured motorist coverage.

70.     On behalf of the class, the plaintiff, Turner, seeks declaratory relief maintaining the position that each *NEW* policy issued to existing policyholders in 2014 and thereafter is required to be reformed to provide additional coverage and benefits as mandated by the MVFRL by reason of the failure of the defendant, Progressive, to obtain the elections and waivers required by the MVFRL following the issuance of these *NEW* policies to existing policyholders.

71.     Individually, the plaintiff, Turner, maintains the position that he is eligible to recover up to $30,000.00 in stacked underinsured motorist coverage in connection with injuries sustained in the April 27, 2021 motor vehicle accident.

71.     The plaintiff, Turner, does not seek compensatory uninsured motorist or underinsured motorist benefits on behalf of the class but only seeks declaratory relief on a class wide class basis.

**<u>Class Action Allegations</u>**

72~~3~~.    The plaintiff, Turner, brings this action seeking declaratory relief individually, and on behalf of a class of similarly situated persons.

73~~4~~.    The defendant, Progressive, has wrongfully denied coverage and benefits to the plaintiff, Turner, as well as to each member of the putative class, by issuing ***NEW*** policies to existing policyholders following the approval of the Insurance Department of the policy re-write as a ***NEW*** policy, without obtaining the elections and waivers required by the MVFRL for a ***NEW*** policy in Pennsylvania.

74~~5~~.    Pursuant to this request for declaratory relief, the plaintiff, Turner, seeks to represent a class of persons who: (a) are named insureds or insureds under an auto policy originally issued by the defendant, Progressive, in Pennsylvania prior to the 2014 policy re-write of the defendant, Progressive; (b) are named insureds or insureds under a ***NEW*** auto policy issued to an existing policyholder after the 2014 re-write where the defendant, Progressive, failed to obtain new elections and waivers for that policy; (c) were involved in an accident after the policy re-write and ***NEW*** policy issuance; (d) made claim for recovery of benefits under that ***NEW*** policy; and (e) were denied benefits and coverage under the ***NEW*** policy by reason of a denial or disclaimer of coverage based upon elections or waivers signed by existing policyholders before the policy re-write.

75~~6~~.    The plaintiff, Turner, reserves the right to amend the definitions and/or identify additional subclasses upon completion of class certification.

76~~7~~.    The putative class is limited to residents of the Commonwealth of Pennsylvania in numbers sufficient to allow class certification.

14

77~~8~~.    The members of the class are so numerous that joinder of them is impracticable.

78~~9~~.    Identification of the members of the class can be ascertained in and through discovery of the files and/or computer data base of the defendant, Progressive.

79~~80~~.    A class action is the only practicable means available for the members of the class to be advised of the coverages and benefits available to them under the pertinent Progressive Policy.

80~~1~~.    A class action is the only practicable means available to prevent the defendant, Progressive, from engaging in the continuous and systematic illegal and unlawful conduct under the MVFRL and to remedy the harm created by this illegal and unlawful conduct.

81~~2~~.    The questions of law and fact are common to the members of the class which the plaintiff, Turner, seeks to represent.

82~~3~~.    The questions of law and fact common to the members of the class predominate over questions that may affect only individual members.

83~~4~~.    The common questions of law and fact with respect this class which control this litigation predominate over any individual issues include, but are not limited to:

(a)    Each member of the class is a named insured or an insured under an auto policy issued by Progressive prior to the 2014 policy re-write;

(b)    Each member of the class is a named insured or an insured under a n auto policy issued by Progressive prior to the 2014 policy re-write is a named insured or an insured under a  *NEW* auto policy issued to existing policyholders after the 2014 policy re-write where the defendant, Progressive, failed to obtain new elections and waivers required for that *NEW* policy under the MVFRL;

(c)    Each member of the class was involved in an accident after the policy re-write;

(d)    Each member of the class made claim for recovery of benefits under that *NEW* policy;

(e)      Each member of the class was denied coverage for the loss under the policy in question by reason of elections and waivers signed before the issuance of that *NEW* policy;

(f)      Each member of the class was denied certain rights and benefits under these *NEW* policies including, but not limited to, full tort coverage, and stacked uninsured motorist and the availability of stacked uninsured motorist and underinsured motorist coverages in limits equal to the liability limits of coverage of the policies by reason of the wrongful denial by Progressive;

(g)      Each member of the class is entitled to a declaration that the policy under which claim was made is required to provide full tort coverage and stacked uninsured motorist and underinsured motorist coverages in limits equal to the liability limits of coverage.

84.      The plaintiff, Turner, is a member of the class that he seeks to represent.

85.      The claim of the plaintiff, Turner, is typical of the claim of other members of the class which he purports to represent.

86.      The plaintiff, Turner, is well qualified to act class representative.

87.      The plaintiff, Turner, will fairly and adequately protect the interests of the members of the class.

88.      The plaintiff, Turner, has no interest that is adverse or antagonistic to the interests of the members of the class.

89.      The plaintiff, Turner, is committed to prosecuting the class action.

90.      The plaintiff, Turner, has retained competent counsel who are experienced in litigation of this nature.

91.      A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

92.      Joinder of all class matters is impracticable and the likelihood of individual class members seeking declaratory relief individually is remote due to the fact that the members of the class do not know that they are entitled to benefits and coverages which have been illegally denied.

93.     The expense and burden of individual litigation makes it unlikely that a substantial member of the class members will individually seek redress for the wrongs done to them.

94.     It is desirable for all concerned to concentrate the litigation in this particular forum for adjudication.

95.     The plaintiff, Turner, anticipates no difficulty in the management of this action as a class action.

96.     The class action brought by the plaintiff, Turner, is a convenient and proper forum in which to litigate the claim.

97.     The prosecution of separate actions by individual class members would create the risk of bearing inconsistent determinations that could confront the defendant, Progressive, with incompatible standards of conduct and which could prejudice non-parties to any adjudication or substantially impede their ability to protect their own interests because of the overriding common questions of law and fact involved in the matter.

98.     Prosecution of these claims as a class action will result in an orderly and expeditious administration of the claims and will foster economies of time, effort and expense.

99.     Prosecution of these claims as a class action will contribute to uniformity of decisions concerning the practices of the defendant, Progressive.

**COUNT I**
**(Declaratory Relief, Individually, and on Behalf of the Class)**

100.    The plaintiff, Turner, hereby incorporates by reference the foregoing Paragraphs 1 through 99 of this Complaint as though same were fully set forth herein.

101.    From April 21, 2007 through October 21, 2014, Herbert Turner was the named insured under a policy issued to him by the defendant, Progressive ("First Progressive Policy"), providing coverage in accordance with the MVFRL.  See Exhibit "A" .

102.    The First Progressive Policy had an inception date of April 21, 2007.  See Exhibit "A".

103.    The First Progressive Policy had an initial term of April 21, 2007 through October 21, 2007.  See Exhibit "A".

104.    The First Progressive Policy was comprised of Form 9610A PA (05/06).   See Exhibit "A".

105.    The First Progressive Policy was renewed every six months using Form 9610A PA (05/06) up through and including the April 21, 2014 through October 21, 2014 term.

106.    The First Progressive Policy was renewed every six months using Policy Form 9610A PA (05/06) through the April 21, 2014 to October 21, 2014 policy term.

107.    At the time of the inception of the First Progressive Policy, Herbert Turner signed an Election of Limited Tort Coverage on April 21, 2007.  See Exhibit "B".

108.    The First Progressive Policy provided limited tort coverage.

109.    The First Progressive Policy provided, *inter alia*, $15,000.00/$30,000.00 in liability coverage.

110.    At the inception of the First Progressive Policy, Herbert Turner signed a Rejection of Uninsured Motorist Protection on April 21, 2007; similarly, he signed a Rejection of Underinsured Motorist Protection on April 21, 2007.   See Exhibits "C" and "D".

111.    The First Progressive Policy provided no uninsured motorist coverage; similarly, it provided no underinsured motorist coverage.

112.    In 2014, Progressive submitted to the Insurance Department, for approval, a re-write of its Personal Auto Policy in Pennsylvania.

18

**Submission/Approval of New Policy**

113.    The defendant, Progressive, re-wrote its Pennsylvania Personal Auto Policy in 2014.

114.    In the process of re-writing its Personal Auto Policy in Pennsylvania, Progressive was required to obtain approval from the Pennsylvania Insurance Department of the policy provisions.

115.    When asked to approve an auto policy re-write in Pennsylvania, the Insurance Department may approve the policy re-write for policies *for existing insureds* as either: (a) a policy renewal; or (b) a new policy.

116.    Progressive submitted its Revised Pennsylvania Auto Policy to the Pennsylvania Insurance Department for review and approval.   See  Exhibit "E".

117.    The Insurance Department reviewed the submission of Progressive and issued Rulings and Findings with respect to this submission.

118.    The Pennsylvania Insurance Department issued an Objection Letter to Progressive setting forth five (5) specific objections to the filing.  See Exhibit "F".

119.    Objection 5 stated:

> Comments:  Part V (ROADSIDE ASSISTANCE), has added a new exclusion (#1). Please discuss concerns that this is reducing coverage for renewal business.  [Act 68 of 1998.  (For the definition of renewal or to renew, see 40 P.S. § 991.2001.)]

See Exhibit "F".

12~~1~~0.   In response to Objective 5, Progressive stated:

> Every renewal customer will receive a notice with the ***NEW POLICY*** describing each reduction in coverage.  That notice will contain a description of the Roadside Assistance Exclusion #1 reduction.

19

See Exhibit "F" (emphasis added).

121. The Pennsylvania Insurance Department then approved the Progressive Policy re-write as a *NEW* policy not a renewal policy for existing insureds.  See Exhibit "G".

122. The Filing at a Glance specifically sets forth the following:

| | |
|---|---|
| Author(s): | Jeanine Duda, Danna Norek |
| Reviewer(s): | Debra Breach (primary), Michael McKenney |
| Disposition Date: | 02/12/2014 |
| Disposition Statute: | Approved |
| Effective Date (New): | 04/16/2014 |
| Effective Date (Renewal): | |

See Exhibit "G".

123. The Filing at a Glance sets forth a date for approval of the re-write as a *NEW* policy but provided no date for approval of the policy re-write as a renewal, thereby confirming that the Second Progressive Policy was considered by the Insurance Department to be a *NEW* policy for existing insureds, not a renewal.  See Exhibit "G".

124. The Insurance Department, therefore, approved the Progressive Policy re-write as a *NEW* policy not a renewal policy for existing insureds and new business, alike.

125. Since the Progressive policy re-write was considered a *NEW* policy by the Insurance Department, Progressive was required to obtain new elections and waivers as required by the MVFRL with the issuance of new auto policies in Pennsylvania, including but not limited to the limited tort election, the § 1731 elections/waivers of coverage, the § 1734 sign downs and the § 1738 elections/waivers of stacking, from all existing policyholders who had been issued the *NEW* policy.

20

126. Following the approval of the Progressive Policy re-write by the Insurance Department as a *NEW* policy, not as a renewal policy, Progressive failed to obtain from existing policyholders any and all of the elections and waivers required by the MVFRL with the issuance of this *NEW* policy in Pennsylvania to existing policyholders.

127. As a result of the failure of Progressive to obtain the elections and waivers required by the MVFRL with the issuance of the *NEW* policy to existing policyholders, both the policy issued to Herbert Turner and the policies issued to members of the class are entitled to reformation of their policies in accordance with the requirements of the MVFRL, thereby allowing the plaintiff, Ronzell Turner, and members of the class, to make claim for ~~secure~~ additional benefits under the *NEW* policies issued by Progressive after April 16, 2014.

**Insurance Coverage (Post-Policy Re-Write)**

128. Effective from October 21, 2014 through the present, Herbert Turner was and is the named insured under a Personal Auto Policy issued by the defendant, Progressive, ("Second Progressive Policy") providing coverage in accordance with the MVFRL. See Exhibit "H".

129. The Second Progressive Policy was comprised of Form 9611A PA (04/14).

130. The Second Progressive Policy was different from the First Progressive Policy.

131. The named insured, Herbert Turner, was not advised by Progressive that the Pennsylvania Auto Policy issued to him had been changed.

132. The Second Progressive Policy provided limited tort coverage.

133. The defendant, Progressive, however, did not obtain an Election of Limited Tort Coverage with the issuance of the Second Policy.

134. The Second Progressive Policy is to be reformed by operation of law to provide full tort coverage.

125. The Second Progressive Policy issued to Herbert Turner provided $15,000.00/$30,000.00 in liability coverage.

126. The Second Progressive Policy provided no uninsured motorist coverage; similarly, it provided no underinsured motorist coverage.

127. The defendant, Progressive, however, did not obtain a § 1734 Rejection of Uninsured Motorist Coverage with the issuance of the Second Progressive Policy to Herbert Turner and members of the class; similarly, it did not obtain a § 1731 Rejection of Underinsured Motorist Protection with the issuance of the Second Progressive Policy to Herbert Turner and members of the class.

128. The Second Progressive Policy issued to Herbert Turner is to be reformed by operation of law to provide uninsured and underinsured motorist coverages; similarly, the rewritten auto policies issued to existing policyholders after the Insurance Department approval are to be reformed by operation of law to provide uninsured and underinsured motorist coverages in accordance with the MVFRL.

129. The defendant, Progressive, did not obtain a § 1738 Rejection of Stacked Uninsured Motorist Protection with the issuance of the new policies to members of the class.

130. The defendant, Progressive, did not obtain a § 1738 Rejection of Stacked Underinsured Motorist Protection with the issuance of the issuance of the Second Progressive Policy to Herbert Turner.

131. The Second Progressive Policy issued to Herbert Turner is to be reformed by operation of law to provide stacked uninsured motorist coverage and stacked underinsured motorist coverage in accordance with the requirements of the MVFRL.

1432. The *NEW* policies issued by Progressive to each member of the class following the policy re-write which was approved by the Insurance Department as a *NEW*, not a renewal, policy for existing policyholders required the defendant, Progressive, to obtain the elections and waivers under the MVFRL; the failure of the defendant, Progressive to secure these elections and waivers requires that each such policy be reformed by operation of law to provide additional coverages and benefits under the MVFRL to each member of the class.

1433. The Second Progressive Policy to Herbert Turner which was in full force and effect at the time of the April 27, 2021 motor vehicle accident, in which the plaintiff, Ronzell Turner, was injured, did not provide the coverages required by law; therefore, that policy is to be reformed in accordance with the requirements of the MVFRLto provide those coverages to the plaintiff, Ronzell Turner.

**Accident**

1434. On April 27, 2021, the plaintiff, Turner, was operating his vehicle on Ogontz Avenue with its intersection at 69th Street in Philadelphia, Pennsylvania when he was violently struck by a motor vehicle operated by Jhourni Lee, owned by Jeffrey Lee and Katina Lee and insured by the Progressive Specialty Insurance Company.

1435. The plaintiff, Turner, sustained serious injuries and damages in the April 27, 2021 motor vehicle accident.

1436. The injuries and damages sustained by the plaintiff, Turner, in the April 27, 2021 motor vehicle accident were caused by the negligence and carelessness of Jhourni Lee.

**Tort Claim**

1437. Following the April 27, 2021 motor vehicle accident, the plaintiff, Turner, made claim upon Progressive Specialty Insurance Company seeking recovery of damages in tort.

1438.  Following receipt of the claim for recovery of damages in tort, the Progressive Specialty Insurance Company tendered and paid to the plaintiff, Turner, the $15,000.00 limit of liability coverage under the policy issued to Jeffrey Lee and Katina Lee.

1439.  The liability limit of the policy issued by the Progressive Specialty Insurance Company to Jeffrey Lee and Katina Lee is insufficient to compensate the plaintiff, Turner, for the losses and damages sustained in the April 27, 2021 motor vehicle accident.

**Underinsured Motorist Claim**

1540.  Following the April 27, 2021 motor vehicle accident, the plaintiff, Turner, made claim upon the defendant, Progressive, for recovery of, *inter alia*, underinsured motorist benefits under the Second Progressive Policy in effect at the time of the accident.

1541.  Following receipt of the claim, Progressive denied coverage for the loss.

1542.  Specifically, by letter dated October 4, 2022, Dawn Eberle of the Claims Department of the defendant, Progressive, wrote to counsel for Ronzell Turner stating, in pertinent part:

> Please be advised that we have completed our investigation with respect to your client, Ronzell Turner's request for Underinsured Motorist coverage with the above-captioned loss.  This letter is to advise you that there is no applicable Underinsured Motorist coverage under the above-captioned policy for this loss.  Our investigation has determined that our insured, Herbert Turner, rejected this coverage.  The rejection of Underinsured Motorist coverage forms which were signed and dated by Mr. Turner on April 21, 2007, have previously been sent to you.

See Exhibit "I".

1543.  The plaintiff, Turner, maintains the position that the Second Progressive Policy is to be reformed by operation of law to provide $15,000.00/$30,000.00 in stacked underinsured motorist benefits for two vehicles, namely, $30,000.00/$60,000.00 in available coverage.

1544.   The defendant, Progressive, contends that the Second Progressive Policy provided no underinsured motorist coverage at the time of the loss.

1545.   The defendant, Progressive, wrongly contends that the ***NEW* auto policy issued is not required to provide any** ~~plaintiff, Turner, is not eligible for any~~ underinsured motorist benefits under the Second Progressive Policy with respect to the injuries sustained in the April 27, 2021 motor vehicle accident despite the fact that the defendant, Progressive, failed to obtain the requisite elections and waivers following the issuance of the ***NEW*** policy to Herbert Turner.

Formatted: Font: Bold, Italic

1546.   The plaintiff, Turner, correctly maintains the position that the ***NEW*** policy is required to provide ~~he is eligible to recover up to~~ $30,000.00 in stacked underinsured motorist coverage by reason of the failure of the defendant, Progressive, to obtain the elections and waivers required by the MVFRL following the issuance of the Second Progressive Policy,  a ***NEW*** policy issued to his father, Herbert Turner, an existing policyholder.

Formatted: Font: Bold, Italic

1547.   A dispute exists as to whether the defendant, Progressive, was required to obtain the elections and waivers required by the MVFRL in connection with the issuance of the ***NEW*** Second Progressive Policy to Herbert Turner.

1548.   By reason of the failure of the defendant, Progressive, to obtain the elections and waivers required by the MVFRL following the issuance of the ***NEW*** Second Progressive Policy to Herbert Turner and the commensurate failure of the defendant, Progressive, to reform the Second Progressive Policy as required by the MVFRL, the plaintiff, Ronzell Turner, has been deprived of benefits and rights due and owing to him.

1549.   A dispute exists as to whether the defendant, Progressive, was required to obtain the elections and waivers required by the MVFRL from each member of the class following the issuance of the ***NEW*** policy to existing policyholders in 2014 and thereafter.

150. By reason of the failure of the defendant, Progressive, to obtain the elections and waivers required by the MVFRL following the issuance of the *NEW* policy to existing policyholders in 2014 and thereafter, and the commensurate failure of the defendant, Progressive, to reform these *NEW* policies as required by the MVFRL, each member of the class has been deprived of benefits and rights due and owing to him/her.

151. A dispute exists, therefore, as to the coverages available to the plaintiff, Turner, under the *NEW* Second Progressive Policy.

152. A dispute exists, therefore, as to the coverages available to each member of the class under the *NEW* policies issued to existing policyholders in 2014 and thereafter.

153. The controversy poses an issue for judicial determination under the Declaratory Judgment Act.

154. The controversy involves substantial rights of the parties to the action.

155. A judgment of this Court in this action will serve a useful purpose in clarifying and settling the legal relations at issue between the parties.

156. A judgment of this Court will determine, terminate and afford relief from the uncertainty and controversy giving rise to this action.

157. On his own behalf, the plaintiff, Turner, individually seeks declaratory relief, maintaining the position that by reason of the failure of the defendant, Progressive, to obtain the elections and waivers required by the MVFRL following the issuance of the *NEW* Second Progressive Policy, the Second Progressive Policy issued to Herbert Turner is required to provide: (a) full tort coverage; and (b) $30,000.00/$60,000.00 in underinsured motorist coverage.

158. On behalf of the class, the plaintiff, Turner, seeks declaratory relief maintaining the position that each *NEW* policy issued to existing policyholders in 2014 and thereafter is required

to be reformed to provide additional coverage and benefits as mandated by the MVFRL by reason of the failure of the defendant, Progressive, to obtain the elections and waivers required by the MVFRL following the issuance of these *NEW* policies to existing policyholders.

159.   Individually, the plaintiff, Turner, maintains the position that he is eligible to recover up to $30,000.00 in stacked underinsured motorist coverage in connection with injuries sustained in the April 27, 2021 motor vehicle accident.

160.   The plaintiff, Turner, does not seek compensatory uninsured motorist or underinsured motorist benefits on behalf of the class but only seeks declaratory relief on a class wide basis.

WHEREFORE, the plaintiff, Ronzell Turner, Individually, and on behalf of a class of similarly situated persons, respectfully requests that the Court enter an Order:

(a)   declaring that the policy of insurance issued to Herbert Turner by the defendant, Progressive Specialty Insurance Company, is required to be reformed by operation of law to provide full tort coverage for the plaintiff, Ronzell Turner;

(b)   declaring that the policy of insurance issued to Herbert Turner by the defendant, Progressive Specialty Insurance Company, is required to be reformed by operation of law to provide $15,000.00/$30,000.00 in stacked underinsured motorist coverage for two (2) vehicles, coverage to which the plaintiff, Ronzell Turner, is eligible;

(c)   declaring that each member of the class is eligible to recover uninsured and underinsured motorist coverages in the same limits of liability coverage where the defendant, Progressive Specialty Insurance Company, failed to obtain the elections and waivers required by the MVFRL following the issuance of a *NEW* policy to existing policyholders after the policy re-write; and

(c d)   declaring that each policy of insurance issued to each class member is to be reformed by operation of law to provide stacked uninsured and underinsured motorist coverages required by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S.A. § 1701 et seq. by reason of the failure of the defendant, Progressive Specialty Insurance Company, to obtain new elections and waivers following the issuance of the *NEW* policy to existing policyholders; and

(dе)   declaring that each member of the class is eligible to recover uninsured and underinsured motorist coverages in the same limits of liability coverage where the defendant, Progressive Specialty Insurance Company, failed to obtain the elections and waivers required by the MVFRL following the issuance of a *NEW* policy to existing policyholders after the policy re-write;  and

(e)   such other relief as the Court deems appropriate.

**COUNT II**
**(Compensatory Relief -- Underinsured Motorist Benefits -- Individual Plaintiff, Alone)**

161.   The plaintiff, Turner, hereby incorporates by reference the foregoing Paragraphs 1 through 160 of this Complaint as though same were fully set forth herein.

162.   Following the April 27, 2021 motor vehicle accident, the plaintiff, Turner, made claim upon the defendant, Progressive, for recovery of, *inter alia*, underinsured motorist benefits under the Second Progressive Policy in effect at the time of the accident.

163.   The plaintiff, Turner, correctly maintains the position that he, as a resident relative of the named insured, Herbert Turner, is eligible to recover up to $30,000.00 in stacked underinsured motorist coverage by reason of the failure of the defendant, Progressive, to obtain the elections and waivers required by the MVFRL following the issuance of the Second Progressive Policy, a *NEW* policy issued to his father, Herbert Turner, an existing policyholder.

164.   By reason of the failure of the defendant, Progressive, to obtain the elections and waivers required by the MVFRL following the issuance of the *NEW* Second Progressive Policy to Herbert Turner and the commensurate failure of the defendant, Progressive, to reform the Second Progressive Policy as required by the MVFRL, the plaintiff, Ronzell Turner, has been deprived of benefits and rights due and owing to him.

165.   The plaintiff, Turner, is eligible to recover up to $30,000.00 in underinsured motorist benefits under the policy of insurance issued by the defendant, Progressive, to his father, Herbert Turner, with whom he resided.

28

166.   The plaintiff, Turner, is eligible to recover underinsured motorist benefits up to $30,000.00 for the injuries sustained in the April 27, 2021 motor vehicle accident under the Second Progressive Policy, in connection with all injuries and damages sustained with a value in excess of the liability limits paid from the insurer for the tortfeasor.

167.   The injuries and damages sustained by the plaintiff, Turner, consist of, but are not limited to:

- concussion;
- post-concussion syndrome;
- occipital neuralgia;
- post-traumatic headaches;
- cervical radiculopathy;
- cervical and lumbar facet syndrome;
- cervical sprain and strain;
- lumbar sprain and strain;
- left hip sprain;
- right hip sprain;
- severe shock to the nervous system.

168.   The injuries and damages sustained by the plaintiff, Turner, in the April 27, 2021 motor vehicle accident were caused by the negligence and carelessness of the underinsured motorist tortfeasor, Jhourni Lee.

169. The liability limit of the policy issued by the Progressive Specialty Insurance Company to Jeffrey Lee and Katina Lee is insufficient to compensate the plaintiff, Turner, for losses and damages sustained in the April 27, 2021 motor vehicle accident.

170. The plaintiff, Turner, as a resident relative of the named insured, Herbert Turner, is an insured under the Second Progressive Policy and is thus legally entitled to recover underinsured motorist benefits as a result of the injuries caused by Jhourni Lee, the operator of the underinsured motor vehicle.

171. The injuries sustained by the plaintiff, Turner, are serious and permanent.

172. The plaintiff, Turner, will require continuing care and treatment as a result of the injuries sustained in the accident.

173. The defendant, Progressive, has breached the Second Progressive Policy by failing to make payment of underinsured motorist benefits to the plaintiff, Ronzell Turner, in connection with injuries sustained in the April 27, 2021 motor vehicle accident.

174. The plaintiff, Ronzell Turner, is eligible to recover up to $30,000.00 in underinsured motorist benefits from the defendant, Progressive, in connection with injuries sustained in the April 27, 2021 motor vehicle accident.

WHEREFORE, the plaintiff, Ronzell Turner, respectfully requests that the Court enter an Order awarding the plaintiff, Ronzell Turner, up to $30,000.00 in underinsured motorist coverage in connection with injuries sustained in the April 27, 2021 motor vehicle accident.

HAGGERTY, GOLDBERG,
SCHLEIFER & KUPERSMITH, P.C.

BY:    /s/ James C. Haggerty
JAMES C. HAGGERTY, Esquire
PA Attorney I.D. # 30003
1801 Market Street, Suite 1100

30

Philadelphia, PA  19103
(267) 350-6600
FAX (215) 665-8201

SCHMIDT KRAMER P.C.

BY:  /s/ Scott Cooper
SCOTT B. COOPER, Esq.
PA Attorney I.D. # 70242
209 State Street
Harrisburg, PA 17101
(717) 232-6300


SHUB & JOHNS

BY:  /s/ Jonathan Shub
JONATHAN SHUB, Esquire
PA Attorney I.D. # 53965
Four Tower Bridge, Suite 400
200 Bar Harbor Drive
West Conshohocken, PA  19428
(610) 477-8636

JACK GOODRICH & ASSOCIATES

BY:  /s/ Jack Goodrich
JOHN P. GOODRICH, ESQUIRE
PA ATTORNEY I.D. #49648
429 Fourth Avenue
Pittsburgh, PA  15219
(412) 261-4663

Attorneys for Plaintiff